McVicker *v.* Beedy.

## McVICKER *versus* BEEDY.

No action can be maintained in this State, upon a judgment recovered in another State, against a defendant, of whose *person,* the courts of that State had no jurisdiction.

The ownership of *property,* situated within a State, (whether it be in land, or articles, or credits, or in any other form,) does not, *of itself,* give to the courts of that State, jurisdiction of the owner's *person.*

Neither will an action, brought here upon such a judgment, be aided by the fact that a part of it had been collected, under the process of the court in the State where it was recovered.

A declaration may be amended, by striking out the original counts, and inserting others, if the cause of action be the same, and the form of the action can be retained.

Thus, where an action of debt, brought upon a judgment, recovered in another State, for labor performed, failed to be maintained, for want of jurisdiction in the court by which it was rendered, the plaintiff had leave to amend, by striking out the count upon the judgment, and inserting one for the labor performed. ·

An action in the form of debt, may be supported for labor performed.

DEBT, on a judgment recovered before an Associate Justice ·of the Supreme Court of the State of Illinois, presiding and holding courts in the second judicial district for the county of Fayette.

By the record of that judgment, it appeared *that* the claim sued was for labor done in Illinois ; *that* one William H. Lee was summoned as garnishee of said Beedy ; *that* notices of said suit were published in the public newspapers, according to the requirements of the laws of Illinois ; *that* bond was duly given for the payment of such costs as Beedy might recover ; that the said Beedy did not appear, but made default ;

and *that* the jury assessed the damages at the sum of $143,00, for which sum, together with cost, $15,43¾, judgment was rendered ; and *that* the garnishee disclosed in his hands, $67,92, the property of Beedy, and paid the same into court, to be allowed in part payment of said judgment.

The defendant here pleaded, *that* he was not an inhabitant of the State of Illinois, nor resident therein, at the time of the suing out of the original process, nor in any way amenable to said court of Illinois ; *that* he was never served with such process, and had no notice of the same, and was wholly ignorant thereof, and did not by himself or attorney, appear to such process ; but *that* he was, at the suing out of said process, an inhabitant of the State of Maine, residing in the town of Weld.

To this plea, the plaintiff demurs, and the defendant joins in demurrer.

The plaintiff also asked leave to amend.

*Russell*, for the plaintiff.

" Full faith and credit shall be given in each State, to the public acts, records and judicial decisions of every other State." Constitution of United States, article 4, sect. 1.

It is not competent for this court to look into the anterior proceedings, to see by what means the court of Illinois came to their result. 7 Cranch, 481 ; 3 Wheat. 234 ; Breese, 128. The question of jurisdiction in that court is not open.

But, if that question be open, the case exhibits enough to establish the jurisdiction.

1. The judgment was recovered upon a contract made in Illinois, by persons then resident there.

2. Property of Beedy, in hands of a garnishee, was attached and held in said process, and notices of the suit were duly published.

3. Nothing is pleaded here, to show a want of jurisdiction, but what was apparent to the court of Illinois. The matter of jurisdiction is therefore *res adjudicata*.

4. Courts of a sister State should be presumed to have jurisdiction, when they attempt to exercise it, and the exer-

cise of it is *prima facie* evidence of jurisdiction. *Shumway* v. *Stillman*, 4 Conn. 292.

5. If the jurisdiction does not sufficiently appear, to make the judgment binding upon the defendant, as a *domestic judgment*, courtesy will at least put it on the footing of a *foreign judgment*, so that it shall be taken as *prima facie* evidence of indebtedness. 1 Ham. 259.

*May*, for the defendant.

WELLS, J. — The question arising upon the pleadings in this case is, whether an action upon a judgment rendered in the State of Illinois, in which it appears that a garnishee was summoned in the suit, and paid into court the sum by him disclosed, can be maintained in this State against the defendant, who was not an inhabitant of that State, and did not reside there when it was rendered, nor when the original process was commenced upon which it was founded, but resided then in this State, and had no notice of the suit, and did not appear and answer to it.

In the case of the *Middlesex Bank* v. *Butman*, 29 Maine, 19, it was decided, that when it appears that a court rendering a judgment in another State had no jurisdiction of the parties, it will not be received here as a valid judgment, so as to prevent the maintenance of a suit for the original cause of action.

The only material difference between that case and this, consists in the garnishment and the payment of the money by the garnishee. The judgment in Illinois might be a protection to him, and the effects of the defendant in his hands might be lawfully applied in satisfaction of the judgment. But they being insufficient to satisfy it, the creditor has brought his action upon it to recover the balance. It is not perceived how jurisdiction over the effects, by attaching them in the hands of the garnishee, could give jurisdiction over the person of the defendant, who was not then amenable to it. The courts of a State may have jurisdiction over property situate within its limits, so as to authorize a seizure and sale of such

McVicker *v.* Beedy.

property according to its laws, but the exercise of such authority does not draw to them jurisdiction over the person of the owner residing in another State. No adequate protection can be afforded to persons, residing out of the State where the judgment is rendered, without the adoption of this principle. If no property had been attached in the hands of the garnishee, according to the authorities cited in argument, there would have been no jurisdiction over the defendant, and that act and payment in pursuance of it cannot be extended beyond their just effect, which gave the court power over the property and nothing more. And such was the opinion of PARSONS, C. J. as stated by way of illustration in *Bissell* v. *Briggs,* 9 Mass. 468.

In the case of *Woodward* v. *Tremere & al.* 6 Pick. 354, the replication states, that a schooner belonging to the defendants had been attached in North Carolina, and that a garnishee had been summoned, and he disclosed money in his hands belonging to the defendants, and was ordered by the court to pay it over to the plaintiff. But these facts were not regarded as sufficient to take the case out of the principle determined in *Hall* v. *Williams,* 6 Pick. 232, in accordance with which the case of *Middlesex Bank* v. *Butman* was decided. *Rangeley* v. *Webster,* 11 N. H. 299; *Ewer* v. *Coffin,* 1 Cush. 24; Story's Conf. of Laws, § 549.

We do not consider, that the court in Illinois acquired jurisdiction over the defendant, by summoning the garnishee and the payment of the sum disclosed, so as to enable the plaintiff to maintain an action on the judgment in this State, and the defendant's pleas are adjudged good.

The plaintiff has asked leave to amend his declaration by inserting appropriate counts upon the original cause of action. The request can be granted if the original cause of action is the same, as that now contained in the declaration. If the judgment were valid here, the original claim would be merged in it. But such is not the case. In *Perrin* v. *Keen,* 19 Maine, 355, an action was brought upon certain notes against the defendants as co-partners, but they were not considered

valid, and an amendment was allowed by filing a new count upon the original claim. That appears to be a direct authority in favor of the plaintiff in relation to the power of the court to grant the amendment in this case. *Barker* v. *Burgess*, 3 Metc. 273.

The plaintiff originally claimed to recover compensation for work and labor done, and on an account stated. The action upon the judgment was to recover for the same, though in a different form. The amendment is admissible, but as the defendant has been subjected to the expense of litigating upon the demurrer, the question of the validity of the judgment, it ought not to be granted without terms. It can be made by striking out the existing counts, and inserting others upon the original claim, upon payment of costs. *Eaton* v. *Brown*, 8 Greenl. 22.

It is suggested by the defendant's counsel, that the amendment will be unavailing, because an action of debt cannot be sustained for work and labor done. But the law has been otherwise settled. *Norris* v. *School District No.* 1, *in Windsor*, 3 Fairf. 293; 1 Chit. on Plead. 100 and 197; 8 Pick. 178.