SWIFT & CO.

*v.*

PETER MADDEN.

*Filed at Ottawa January 19, 1897.*

1. ACTION—*a cause of action is the act or omission by a party which entitles another to sue.* The cause of action in suits for damages arising from negligence is the act done or omitted to be done by the defendant affecting the plaintiff which causes a grievance for which the law gives a remedy.

2. PLEADING—*when additional count does not aver a new cause of action.* Where the original declaration avers that plaintiff received his injury by reason of his master's failure to keep machinery in repair, the unsafe condition of which was unknown to plaintiff, an additional count averring that upon notification by plaintiff of the defect the master promised to repair the same does not set up a new cause of action.

3. MASTER AND SERVANT—*not necessary that master should fix a definite time on promising to repair.* To warrant a servant in relying upon his master's promise to repair defective machinery it is not necessary that the master should fix any time for making the repairs, as, in the absence of an express arrangement, a reasonable time will be implied.

4. SAME—*upon master's promise to repair, servant may remain a reasonable time.* Where the master, upon being notified by his servant of defective machinery which renders his service more hazardous, expressly promises to make the necessary repairs upon such machinery, the servant may continue in the employment a reasonable time, to permit the performance of the promise, without thereby being negligent.

5. VARIANCE—*objection of variance not made at trial is deemed waived.* A defendant desiring to take advantage of a variance between the declaration and the evidence should object to the evidence upon that ground when offered at trial, to enable the plaintiff to amend, and if this course is not pursued the objection to the evidence will be deemed waived.

6. EVIDENCE—*written statements contradicting witness' testimony—when incompetent.* Statements signed by a witness which contradict his testimony are not admissible in evidence when, after being read in detail to the witness, he admits that he made the contradictory statements therein set forth.

*Swift & Co.* v. *Madden*, 63 Ill. App. 341, affirmed.

| | |
|---|---|
| 165 | 41 |
| 166 | 38 |
| 165 | 41 |
| 170 | 167 |
| 170 | 210 |
| 165 | 41 |
| 174 | 584 |
| 74a | 76 |
| 74a | 576 |
| 75a | 131 |
| 75a | 382 |
| 165 | 41 |
| 79a | 50 |
| 165 | 41 |
| 179 | 613 |
| 82a | 113 |
| 165 | 41 |
| 182 | 22 |
| 182 | 364 |
| 165 | 41 |
| 89a | [1]322 |
| 165 | 41 |
| 93a | [5]291 |
| 165 | 41 |
| 196 | [2]285 |
| 165 | 41 |
| 102a | [1]416 |
| 165 | 41 |
| 104a | [1]317 |
| 165 | 41 |
| 106a | [5]275 |
| 106a | [1]519 |
| 108a | [6]430 |
| 165 | 41 |
| e212 | [1]259 |
| 212 | [4]280 |
| 212 | [2]575 |
| d214 | [2]587 |
| 114a | [2]259 |

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

This was an action brought by Peter Madden, against Swift & Co., a corporation in Chicago engaged in the slaughtering and packing business, to recover damages resulting from a personal injury received while in the service of the company.

The first declaration filed by the plaintiff consisted of one count, to which the defendant filed a general demurrer. The demurrer was confessed, and on November 28, 1892, plaintiff filed an amended declaration, which contained, in substance, the following allegations: That the defendant, on the 7th of June, 1892, was engaged in the manufacture of a substance called glue, and while so engaged employed the plaintiff to shove or move certain buckets from one part of said factory or shop to other parts thereof, for the purpose of carrying articles used in the manufacture of said substance; that each of said buckets was hung on a hook attached to a pulley or bolt of iron, which pulley or bolt of iron was attached, at the other and upper end, to two wheels, which ran upon certain rails or lines of railway; that he was employed by defendant to move said buckets from one part of said factory to another, and thereby it then and there became the duty of defendant to have kept the said line or lines of railway and switches in a good and safe condition of repair, that the plaintiff might safely work at his said employment of moving the said buckets; that the defendant did not regard its duty in that behalf, nor use due care or diligence in that behalf, but, on the contrary thereof, negligently and wrongfully permitted and allowed said switches in said factory to be and remain in an unsafe and dangerous condition, so that the plaintiff, while so employed by defendant in shoving and mov-

ing said buckets from one part of said factory or building to another part thereof, with all due care and diligence on his part, turned a certain switch to move said bucket in the direction in which he was ordered to go with said bucket, on the day aforesaid, in said factory or building, but said switch, being in an unsafe and dangerous condition for want of repair, which fact was not known to the plaintiff, did not remain in the position in which plaintiff had properly placed it, so as to allow said bucket on said rail or line of railway to move in the direction intended, but said switch closed and sprung back as plaintiff moved the bucket to turn the same upon said switch.

To the declaration the defendant filed a plea of not guilty, upon which issue was taken on December 24, 1892. After the cause was thus at issue no further steps were taken until the 23d day of June, 1894, when the plaintiff asked and obtained leave of court to file two additional counts. The first additional count contained, in substance, the following allegations: It then and there became the duty of the defendant, whenever the lines of railway so became broken or out of repair and dangerous and unsafe, to repair the same, that plaintiff might safely work at his said employment, yet the defendant, although notified that the lines of railway and switches were out of repair and unsafe, and although it promised that the lines of railway and switches should be at once repaired, and thereby caused the plaintiff to continue in his said employment, did not regard its duty in that, and carelessly and negligently permitted said lines of railway and switches to be and remain out of repair and in an unsafe and dangerous condition, etc. The second count of the additional counts alleged substantially as follows: The defendant, well knowing that a certain switch was out of repair and unsafe and dangerous, on said date, June 7, 1892, carelessly and negligently ordered the plaintiff to move a certain bucket from one part of the factory to another and over and across said switch which was then

and there out of repair and unsafe and dangerous, by means whereof the plaintiff, while so employed by defendant in moving and shoving said buckets from one part of the factory to another part thereof, over and across said switch, with all due care and diligence on his part, on the day aforesaid, moved said bucket in the direction he was ordered to go with it, which said switch did not remain in the position in which plaintiff had properly placed it, so as to allow said bucket to move in the direction intended, but said switch closed and sprung back as the plaintiff moved the bucket upon the switch.

To the first additional count of plaintiff's declaration defendant pleaded the Statute of Limitations. The plaintiff demurred to the plea and the court sustained the demurrer. Defendant excepted to the decision of the court and elected to stand by the plea. Issue was taken on other pleas, and a trial was had before a jury, which resulted in a judgment for the plaintiff, which, on appeal, was affirmed in the Appellate Court.

JOHN A. POST, and JOHN B. BRADY, for appellant:

A new and separate cause of action cannot escape the operation of the Statute of Limitations by reason of being introduced by amendment of the declaration. *Phelps* v. *Railroad Co.* 94 Ill. 548; *Rolling Mill Co.* v. *Monka,* 107 id. 343; *Railroad Co.* v. *People,* 19 Ill. App. 141; *Railway Co.* v. *Rolling Stock Co.* 28 id. 79.

Although an amendment may properly be allowed, it does not necessarily, when allowed, have the effect of relating back to the date of bringing the suit, for the purpose of determining questions of limitations. *Smith* v. *Taggart,* 21 Ill. App. 541; *Railway Co.* v. *Trayes,* 17 id. 136; *Railway Co.* v. *Cox,* 12 U. S. 905; *Gorman* v. *Judge,* 27 Mich. 138; *Phillips* v. *Holland,* 79 N. C. 31.

FRANCIS T. MURPHY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The plaintiff received the injury complained of on June 6, 1892, and the additional count to which the Statute of Limitations was pleaded was not filed until June 23, 1894,—more than two years after the injury was received and more than two years after plaintiff's cause of action accrued. If plaintiff had brought no action until June 23, 1894, when he filed his additional counts, his action would have been barred by the Statute of Limitations; and it is also true that a new cause of action, distinct from that set out in the declaration, cannot be brought into the case by an additional count after the time for suing upon it has expired. The Statute of Limitations cannot be avoided in that way. In *Phelps* v. *Illinois Central Railroad Co.* 94 Ill. 548, where additional counts to the declaration were filed after the Statute of Limitations had run, and the statute was pleaded as a bar to the case made by the additional counts, it was expressly held that the solution of the question depended upon whether the additional counts set up entirely new causes of action. The question, then, to be determined is, whether the additional counts set up a new cause of action, or whether they contain a mere re-statement of the cause of action set up in the original declaration.

In a case like the one under consideration the cause of action may be regarded as the act or thing done or omitted to be done by one which confers the right upon another to sue,—in other words, the act or wrong of the defendant towards the plaintiff which causes a grievance for which the law gives a remedy. (*Buntin* v. *Chicago, Rock Island and Pacific Railway Co.* 41 Fed. Rep. 744.) Was the act or wrong of the defendant towards the plaintiff, as set out in the additional counts, entirely new, or was it a mere re-statement of the act or wrong in a different form?

Upon an examination of the declaration as originally filed, it will be found that the allegation upon which a

right of recovery is predicated in substance was, that it was the duty of the defendant to keep in good and safe repair certain machinery which the plaintiff was required to use while in the service of the defendant as a laborer, but the defendant failed to observe its duty in that regard, but, on the contrary, negligently and wrongfully permitted the machinery to be and remain in an unsafe and dangerous condition, so that the plaintiff, while employed by the defendant in working with the machinery, with due care on his part, was injured. In the additional count to which the Statute of Limitations was pleaded, as we understand the count, the same cause of action is set up but in a different form. It is there, in substance, set out that it was the duty of the defendant, when the machinery was out of repair and unsafe and dangerous, to repair the same, yet defendant, although notified that the machinery was out of repair and unsafe, while it promised that the machinery should at once be repaired and thereby caused plaintiff to continue in its service, did not regard its duty, but carelessly and negligently permitted the machinery to be and remain out of repair and in an unsafe and dangerous condition. From the reading of the first count of the declaration in connection with the first additional count it is apparent that both state and rely upon the same wrongful act of the defendant,—its negligence in failing to keep in repair machinery in its factory where the plaintiff was required, by his employment with the defendant, to labor. We think it plain that the cause of action set out in the additional count was the same as set up in the original declaration. If we are correct in this, the court did not err in sustaining a demurrer to the plea of the Statute of Limitations.

It is next claimed that the court erred in refusing the following instruction:

"The court further instructs the jury, as a matter of law, that if they believe, from the evidence, that the

machinery in question was out of order, and that such
fact was known to the plaintiff, and that the plaintiff
called the attention of the defendant to such fact, and
if the jury further believe, from the evidence, that the
foreman in charge of the plaintiff promised to have said
machinery repaired without fixing a time when the same
should be repaired, and that said promise was indefinite
as to when the same should be repaired, and that the
plaintiff continued to work upon said machinery from
day to day with the knowledge that the repairs were
not made, then the court instructs the jury, as a matter
of law, that the plaintiff assumed the risk of working
thereon, and that he cannot recover in this case, and
that the jury should find the defendant not guilty."

It was not necessary that the foreman should fix a
definite time when the repairs should be made to enable
plaintiff to recover for an injury received while engaged
in the service of defendant after the notice was given.
When the notice was given the foreman promised to see
that the repairs should be made. This was, in effect, a
promise to repair in a reasonable time, and the plaintiff
could remain in the service of the defendant a reasonable
time to permit the fulfillment of the promise without
being guilty of negligence. The rule on this question is
well stated by this court in *Missouri Furnace Co.* v. *Abend,*
107 Ill. 44. It is there said (p. 51): "It is now uniformly
stated by text writers, that where the master, on being
notified by the servant of defects that render the service
he is engaged to perform more hazardous, expressly prom-
ises to make the needed repairs, the servant may continue
in the employment a reasonable time to permit the per-
formance of a promise in that regard without being guilty
of negligence, and if any injury results therefrom he may
recover, unless when the danger is so imminent that no
prudent person would undertake to perform the service."
We do not think the instruction contained a correct state-
ment of the law, and it was therefore properly refused.

It is also claimed that there was a variance between the pleadings and evidence; that it was alleged in the declaration that defendant promised that the switches and appliances should be at once repaired, while the evidence shows that the promise was that the appliances would be fixed, without specifying the time. If the defendant desired to take advantage of a variance between the declaration and the evidence it was its duty to object to the evidence when offered, and state the nature and character of its objection, so that plaintiff might, if he desired, ask leave to amend the declaration. But this course was not pursued. No objection on the ground of variance was made when the evidence was offered. The objection not having been made at the time the evidence was offered, it must be regarded as waived, and the question of variance cannot be raised on appeal.

It is also insisted that the court erred in refusing to admit in evidence the two statements subscribed by the witness Manning, at the request of appellant or its attorneys, in November, 1892, and November, 1894, respectively, and which conflicted with his statements made on the witness stand. Manning was asked as to the contents of these statements, and the contents were in detail read to him, and he answered that he made the statements read to him on the dates mentioned, and explained his reasons for making the statements as he did, differing from those he testified to on the stand. As the witness admitted making the previous contradictory statements no further proof of that fact was required, and the defendant was in no manner injured by the exclusion of the offered evidence. A similar question was raised in *Atchison, Topeka and Santa Fe Railroad Co.* v. *Feehan*, 149 Ill. 202, and the offered evidence was held to be incompetent.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*