## James Hagen, Appellee, v. Charles A. Schlueter, Appellant.

1. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. VERDICT—*when not excessive.* A verdict of $2,000 rendered in an action for personal injuries is not excessive where it appears that the plaintiff at the time of his injury was forty-four years old, was thrown from near the top of a three-story building and brick and debris fell on top of him, that he was taken from under such debris in an unconscious condition, removed to a hospital, remained there six days; was then taken to his home and confined to his bed for about four months, was prevented from pursuing his usual occupation for seventeen or eighteen months, was at the time of his injury a strong man earning from six to seven dollars a day, and was at the time of the trial—more than two years after the injury—not fully recovered.

3. STATUTE LIMITATIONS—*when amended declaration does not state new cause of action.* Where the original and amended declarations complain of the same act or acts, namely, the construction by the defendant of an imperfect and insecure stone cellar wall and the procuring of the plaintiff to work upon the brick wall constructed upon such improper and insecure foundation (with resulting injury), the amended declaration does not state a new cause of action, which differs from the original merely in alleging the capacity in which the plaintiff was working at the time of his injury.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding.

Hagen v. Schlueter.

Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

ALEXANDER W. HOPE and B. H. CANBY, for appellant.

JOHN J. BRENHOLT, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This suit was brought by appellee against appellant to recover damages for personal injuries sustained by him while engaged in the construction of the walls of a brick building, upon the latter's premises.

On March 1, 1904, when the injury occurred, appellee, a brickmason and contractor, was laying brick on the front wall of a brick building, which appellant was causing to be erected on a lot owned by him in the city of Alton, Illinois. Previous to that time, on December 16, 1903, appellee and Edward Dawes, who designated themselves as the "contracting firm of Dawes & Hagen," entered into a contract with appellant by which they agreed "to do all the brick work, set all stone sills that come in or on said brick work, and furnish all tools, scaffold and labor to do the same, as may be required in the erection of two, three-story-brick buildings, to be built on the south side of Second street," in the city of Alton, Illinois.

It appears to have been the intention of the parties, although nothing was said about it in the contract, that the foundation of the building in question was to be constructed of stone by appellant and that the firm with which appellee was connected was to have nothing to do with the erection of the same, but was to commence with the brick work of the walls to be placed on the foundation. Appellee testified that when he commenced upon the brick work, the foundation was completed, and the ashlers, which were above the sidewalk, placed on it ready for the work to begin on the walls. When the brick work was about completed and appellant was engaged in laying the top row at the front of

the building, the wall suddenly collapsed, appellee was thrown to the ground, covered with brick and debris and severely injured in the back, one leg and ankle.

He brought suit against appellant for the injuries received by him and recovered a verdict and judgment for $2,000.

Appellee's theory of the case is that the collapse of the wall on which he was working, was caused by the giving away of the stone foundation upon which it was placed; while appellant contends that the wall fell by reason of the improper construction of one of the brick pillars in the front of the building erected by appellee. Appellee also insists that the cellar wall was constructed under the supervision of appellant, who caused defective and improper material to be placed in it after being warned by the workmen that such material ought not to be used and that the manner of construction was improper and against the directions of the architect.

Appellant on the other hand contended that the cellar wall was properly constructed and even if it were not, appellee had an opportunity to examine it and in undertaking to build the brick walls upon it, he did so at his own risk.

The record in this case is voluminous and while there was great conflict in the evidence both as to facts and opinions expressed by the witnesses, yet we think it was shown by the evidence as a whole with substantial certainty, that the cellar wall was constructed of stone, was eighteen inches thick and was laid by a contractor under the personal observation and direction of appellant; that while the plans for the foundation were furnished by an architect, he did not furnish specifications for the same nor direct or superintend the construction of the wall, further than to tell appellant as he was passing, that he ought to put good new rock in the wall; that a building had before that time been upon the lot and had burned down, leaving a stone cellar wall; that the old wall on the front side of the

lot was taken down and a portion of the old mortar thrown into the trench upon which the new wall was built; that appellant used the old rock which had passed through the fire in the new wall and also caused a portion of the old mortar to be mixed with the new; that the rock by reason of having been heated or burned by the fire, broke easily and was not of sufficient strength to be safely used in a wall of that character; that the mortar used, by reason of having been mixed with the old mortar, was of inferior quality; that much of the rock used was in small pieces which were so placed in the wall that they did not tie or bond the same; that appellant when asked by one of the workmen for some broken sills to bond the wall, refused to furnish them and when told the mortar could not be made firm so as to hold together, told the workman who spoke to him, to do the best he could; that when told the rock pier in the wall should be made of good stone, he made no reply and when informed by workmen that a rock had fallen out of the wall, told the man he talked too much and did not know what he was talking about; that when appellee went to work, the wall was pointed up, the joists and sills put on and covered with boards; that while appellee necessarily saw the top and some other portions of the wall, yet he made no examination of it as a whole and did not know its true condition.

Appellant introduced evidence in considerable amount, tending to show that the brick pier in the front of the building above the cellar wall was out of plumb and not properly constructed by appellee and too light to carry the weight imposed upon it; that the collapse of the building was caused by the fall of the pier and an "I- beam" of the building in falling, knocked a hole through the cellar wall.

On the other hand appellee introduced evidence, tending to show that the pier in question was not out of plumb, was properly constructed, that appellant himself directed the kind of brick to be used in it, and

the fall of the building was caused by the giving away of the stone cellar wall and not of the brick pier above it.

The questions of fact above referred to were presented to a jury which found the issues in favor of appellee and under the conditions presented by this record we are not at liberty, if so disposed, to disturb their finding. It is said by appellant that the damages found by the jury are excessive.

Appellee was forty-four years old when he was injured. He was thrown from near the top of a three-story building and brick and debris fell on top of him. He was taken up from under this material in an unconscious condition and removed to a hospital where he remained six days, and was taken to his home where he was confined to his bed for about four months, and was prevented from pursuing his occupation for seventeen or eighteen months. At the time he was injured, he was a strong man, and was earning from $6 to $7 a day. At the time of the trial, more than two years after he was injured, he had not fully recovered. Under these circumstances, the verdict of $2,000 found by the jury, does not appear to us to be so large as to warrant a reversal of the case on that account.

Appellant asserts that instructions 1 and 2 given for appellee, which state well-known and approved rules of law, are erroneous because there is a substantial defect in the declaration to which they refer. Appellant, however, does not point out the particular defect of the declaration relied on by him, and as an examination of the same fails to disclose it, the contention cannot be sustained. Some complaint is made by appellant of the action of the court in refusing four of his instructions. The questions involved in these instructions were, however, fully covered so far as they were proper by seventeen instructions given by the court for appellant, which, as a whole, stated the

Hagen v. Schlueter.

law in a manner extremely favorable to his theory of the case.

Objection is made by appellant that the court erred in admitting certain evidence on behalf of appellee, while objections might well have been sustained to some of the evidence complained of, yet most of it was properly admitted and the objections to the rest were not serious enough to constitute substantial error.

This case was tried in the court below three times. After the second trial, the court sustained a demurrer to plaintiff's declaration and gave him leave to amend by September 1, 1906. Appellant insists that this declaration, which was filed August 24, 1906, stated a new cause of action to which the Statute of Limitations applied and took proper steps in the court below to raise that question in this court. He says that the original declaration and amendments thereof, prior to the last, stated that the relation of master and servant existed between appellant and appellee and relied upon the common law duty the master owed the servant to furnish him a reasonably safe place in which to work, while the amended declaration stated appellee was an independent contractor employed by appellant to construct a brick wall upon a foundation wall which had been erected by appellant and which proved to be improperly constructed and insufficient to support the brick wall.

In the case of Swift v. Madden, 165 Ill. 41, it is said: "The cause of action may be regarded as the act or thing done or to be done by one which confers the right upon another to sue. In other words the act or wrong of the defendant, towards the plaintiff which causes a grievance for which the law gives a remedy."

An examination of the declaration and the various amendments shows that the acts or things complained of by appellee were the construction by appellant of the insecure and imperfect stone cellar wall and procuring appellee to do the work upon a brick wall, constructed upon such improper and insecure foundation

and the giving away of the cellar wall. It was immaterial, under the facts, as disclosed in this case, whether appellant was working upon the wall as a brick layer under the direct supervision of appellant, or as a contractor engaged to lay the brick as shown by the contract, at so much per thousand and therefore the amendments to the declaration did not state a new cause of action.

Objection is also made by appellant that the declaration as amended, does not state a cause of action. We do not deem it necessary to set out the amended declaration, but it suffices to say that we have examined it and it appears to us to state a good cause of action, and the court below properly overruled the demurrer to it.

Appellant assigns eighteen errors upon the record in this case all of which have received our consideration, and nearly all of those which were argued have been reviewed in this opinion. We are of opinion from a careful examination of the case, that it was fairly tried in the court below and that no satisfactory reason is shown why it should be submitted for another trial.

The judgment of the court below is accordingly affirmed.

*Affirmed.*