WEBB FURNITURE COMPANY, INC., a Corporation, *Plaintiff in Error,* vs. K. K. EVERETT, doing business under the trade name and style of EVERETT FURNITURE STORE, *Defendant in Error.*

141 So. 115.

Division B.

Opinion filed April 20, 1932.

Petition for rehearing denied May 12, 1932.

*Baxter & Walton,* for Plaintiff in Error;

*G. H. Martin,* for Defendant in Error.

TERRELL, J.—Plaintiff in error as plaintiff below recovered a common law judgment against defendant in error, the declaration sounding in the common counts. Writ of error to that judgment resulted in its reversal by this Court on the sole ground of lack of evidence to support it, 98 Fla. 780, 124 So. 278. When the mandate went down on reversal the plaintiff moved to amend its declaration by adding thereto a count for goods bargained and sold by the plaintiff to the defendant, a count for goods, wares, and merchandise sold and delivered by plaintiff to defendant, and a count for lawful interest upon divers sums of money due to plaintiff by defendant and forborne by plaintiff to defendant at defendant's request prior to institution of this suit. These counts were in the declaration as originally cast but

with others they were abandoned and withdrawn at the request of the plaintiff during the progress of the trial. The motion to amend was overruled and a motion of defendant for judgment pursuant to the mandate of this Court was entered. This writ of error is from that judgment.

Plaintiff in error proffers eight assignments in this Court but they all turn on the question of whether or not the plaintiff was entitled to amend its declaration and to a trial de novo when the cause was reversed for lack of evidence to support the verdict.

Plaintiff in error contends that the reversal by this Court was unqualified and by inference bore the right to a new trial. Defendant in error counters by contending that the reversal closed the case and presented to the lower court no alternative writ but to enter judgment for the defendant. The trial court so held.

Section 2918 Revised General Statutes of 1920 (Section 4637 Compiled General Laws of 1927) provides that it shall be the duty of the court on appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence, or decree of the court below, or to give such judgment, sentence, or decree as the court below ought to have given or as it may appear according to law.

With this statute in mind this Court has repeatedly held that a judgment of reversal is not necessarily an adjudication of any other question than that discussed and decided by the appellate court and that on the going down of the mandate, when the entire decree is reversed the case stands as if there had been no decree. Phifer vs. Abbott, 73 Fla. 402, 74 So. 488; Peacock vs. Our Home Life Ins. Co., 73 Fla. 1207, 75 So. 799; South Florida Lumber & Supply Co. vs. Read, 65 Fla. 61, 61 So. 125; Florida East Coast R. Co. vs. Geiger, 66 Fla. 582, 64 So. 238.

To support his contention defendant in error relies on Section 2921 Revised General Statutes of 1920 (Section 4640 Compiled General Laws of 1927) which in effect provides that an appellate court in reversing a judgment on writ of error may, by its order of reversal, if the error for which reversal is sought is such as to require a new trial, direct that a new trial be had on all the issues shown by the record or upon a part of such issues only, and if on reversal a new trial is directed as to part of the issues only all other issues shall be deemed to be settled conclusively in favor of the defendant in error.

This statute is not mandatory, it is directory. If this Court had always observed it the deduction of defendant in error would follow as of course but since it is directory and this Court has been irregular in its observance it has little or no bearing on this case, in which nothing was adjudicated on the former writ of error except the sufficiency of the evidence to support the verdict.

Defendant in error also relies on the following Florida cases to support his contention: Bloxham vs. Florida Cent. & P. R. Co., 39 Fla. 243, 22 So. 697; State *ex rel.* Reynolds vs. White, 40 Fla. 297, 24 So. 160; Reynolds vs. Florida Cent. & P. R. Co., 42 Fla. 387, 28 So. 861; Florida Cent. & P. R. Co. vs. Reynolds, 183 U. S. 471, 22 Sup. Ct. Rep. 176, 46 L. Ed. 283.

These are all chancery cases in which it appears that this Court observed the duty laid on it by Section 2918 Revised General Statutes of 1920, supra, whereby it "reversed or affirmed" the decree below with directions to the chancellor as to the procedure to follow. These cases have no relation to Section 2921 Revised General Statutes, supra, because they were all adjudicated long prior to the enactment of that statute, neither are they controlling as to the case at bar, it being a common law

action and the rule as to directing procedure on reversal of such actions in the said last enumerated statute, not having been observed. Another distinction between the case at bar and the Florida cases relied on by defendant in error is that the issues in the instant case were tried by a jury while the issues in the cases relied on were tried by the chancellor.

The sound rule seems to be that when error occurs in the trial of a common law action by reason of which the judgment is reversed, on remand of the cause the parties are restored to the position they found themselves at the time the error was committed and the cause must be tried again but if reversible error is committed after the trial the adverse rule follows. Such has been the general practice in this state in both common law and criminal actions. In the case at bar the error for which it was reversed occurred prior to the verdict and even prior to striking the counts which are now sought to be restored. Under such circumstances a new trial should have been awarded. Mitchell vs. Cotton, 3 Fla. 134; Vermont Farm Mach. Co. vs. DeSoto Co-op. Creamery Co. (Iowa), 131 N. W. 765; State vs. Omaha Nat. Bank, 60 Neb. 232, 82 N. W. 850; Missouri, K. & T. Trust Co. vs. Clark, 60 Neb. 406, 83 N. W. 202, 31 Cyc. 409; Swift & Co. vs. Madden, 165 Ill. 41, 45 N. E. 979; Mahan vs. Smitherman, 71 Ala. 563; Owensboro Wagon Co. vs. Hall, 149 Ala. 210, 43 So. 71; Perley vs. Brown, 12 N. H. 493; McVicker vs. Beedy, 31 Me. 314, 50 Am. Dec. 666; Maxwell vs. Harrison, 8 Ga. 61, 52 Am. Dec. 385.

It follows that plaintiff's motion to amend its declaration should have been granted and a new trial ordered. The proferred amendments were consistent with the original declaration and amounted to nothing more than a restatement of the pleadings stricken. They could not depart from the cause of action originally brought. This

holding conforms to the liberal policy for amending pleadings under the practice in this state prescribed in Section 2629 Revised General Statutes of 1920 (Section 4295 Compiled General Laws of 1927).

The judgment below is reversed with directions to that court to grant the plaintiff's motion for leave to amend its declaration and to award a new trial.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.