W. O. JONES v. TAMPA ELECTRIC COMPANY.

197 So. 385
Division A
Opinion Filed July 12, 1940

*Worth, Bivens & Lively,* for Plaintiff in Error;
*Knight & Thompson,* for Defendant in Error.

BUFORD, J.—On writ of error we review judgment, as follows:

"After due notice, this cause was heard upon motion of the defendant to assess its costs reasonably incurred in the Supreme Court of Florida in the appellate proceedings heretofore taken herein, together with cost of the transcript of record necessary in such proceedings and copy thereof served upon defendant in error, by the entry of a separate judgment herein, and, thereupon;

"It is considered by the court that the defendant, Tampa Electric Company, do recover of the plaintiff W. O. Jones, the sum of Ninety-nine and 10/100 Dollars ($99.10) for its costs reasonably incurred in the Supreme Court of Florida in the appellate proceedings in this cause therein, including cost of the transcript of record necessary in such proceedings with copy thereof served upon defendant in error, for which let execution issue.

"DONE AND ORDERED this 1st day of September, 1939."

On September 1, 1939, the defendant filed its motion for judgment which is as follows:

"The defendant, Tampa Electric Company, moves the court to enter final judgment in its favor upon the pleadings and the evidence in this cause and pursuant to the mandate

of the Supreme Court of Florida filed herein July 12th, 1939."

On September 21, 1939, the plaintiff filed his motion for compulsory amendment.

On October 4, 1939, the court entered an order denying the motion for compulsory amendment, which order was recorded in Minute Book 75, page 533.

On October 4, 1939, the court entered final judgment for the defendant which was recorded in Minute Book 75, page 534, which is as follows:

"This cause was heard this day, after due notice, upon the motion of the defendant, Tampa Electric Company, for the entry of final judgment in its favor upon the pleadings and the evidence and pursuant to the mandate of the Supreme Court of Florida herein July 12th, 1939, and, thereupon;

"It is considered by the court that the plaintiff take nothing by his plaint and that the defendant go hence without day.

"DONE AND ORDERED this 4th day of October, 1939."

On October 5, 1939, plaintiff filed motion for rehearing.

On November 24, 1939, the trial court entered its order, as follows:

"The above case was tried before this court and resulted in a verdict by the jury in favor of the plaintiff. Thereafter, a motion for a new trial was filed by the defendant which was subsequently overruled by the court and judgment entered in favor of the plaintiff pursuant to the verdict of the jury. Thereupon, the defendant took writ of error to the Supreme Court and the Supreme Court (Tampa Electric Company v. Jones, 190 So. 26) reversed the cause, stating 'The record discloses no actionable negligence on the part of the defendant, and, therefore, the judgment

must be reversed. So ordered. Reversed.' Thereupon the defendant moved this Court for a judgment in favor of the defendant on the ground that the Supreme Court held that there was no actionable negligence on the part of the defendant, and judgment was entered accordingly by this court.

"Thereafter, the plaintiff W. O. Jones, filed a motion for rehearing, and in addition filed a motion with the Supreme Court setting forth the action of the trial court in entering a judgment for the defendant, requesting a clarification of the opinion and judgment of the Supreme Court, setting forth that the question to be determined was whether or not under the opinion and judgment of the Supreme Court the plaintiff was entitled to a new trial. This motion for clarification was denied by the Supreme Court without comment. Thereupon, after rehearing being granted, the matter was re-argued before this court, and the question to be determined now is whether this court should vacate and set aside the judgment entered in favor of the defendant and allow the plaintiff another trial of this cause of action.

"This cause was not reversed because of any error of the trial court in its rulings on the pleadings or because of any error during the conduct of the trial whereby the verdict was affected to the injury of the plaintiff, so that he would be entitled to a new trial to correct such error. Nor is this a case where actionable negligence was shown on the part of the defendant but on a theory different than that which was pursued by the plaintiff in his declaration, so that he should be allowed another opportunity to proceed on the correct theory.

"The plaintiff has had his day in court. He has been awarded an opportunity to present his evidence to a jury

and it is his duty to present all of his testimony at that time and if he fails to do so he does this at his own risk. He is not entitled to several opportunities to present his testimony nor to continued opportunities until such time as he secures a verdict that will stand. The Supreme Court has reviewed the testimony and found that 'the record discloses no actionable negligence,' and reversed the 'judgment' not the order of this court denying a new trial, and therefore, there is no ground upon which the plaintiff may be permitted to again submit his evidence to a jury.

"Motion to vacate the judgment entered in favor of the defendant pursuant to the opinion of the Supreme Court must be and is hereby denied.

"It is so ORDERED at Tampa, Florida, this 23rd day of November, A. D. 1939."

The opinion of this Court in Tampa Electric Co. v. Jones, 137 Fla. 781, 190 Sou. 26, reflects the established law of this case. In that opinion and judgment we held "The record discloses no actionable negligence on the part of the defendant * * *."

In Webb Furniture Co., Inc., v. Everett, 105 Fla. 292, 141 Sou. 115, we held:

"The sound rule seems to be that when error occurs in the trial of a common-law action by reason of which the judgment is reversed, on remand of the cause the parties are restored to the position they found themselves at the time the error was committed and the cause must be tried again but, if reversible error is committed after the trial, the adverse rule follows. Such has been the general practice in this State in both common law and criminal actions. In the case at bar the error for which it was reversed occurred prior to the verdict and even prior to striking the

counts which are now sought to be restored. Under such circumstances a new trial should have been awarded."

In support of the text numerous authorities are cited.

It appears that under the state of the record in this case the plaintiff in error, who is plaintiff in the court below, is entitled to have the case retried by a jury and if he can produce sufficient legal evidence to establish the allegations of his declaration he may recover but if on the retrial the evidence is substantially as it was on the former trial, then he cannot recover because the Supreme Court has definitely determined that such evidence is legally insufficient and in such event it will be the duty of the trial court to instruct a verdict in favor of the defendant.

It follows that the entry of judgment for the defendant without an affirmative showing that there could be no further or other evidence produced than that which was produced and considered on the former trial constituted error and such judgment should be reversed.

So ordered.

Reversed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.