GRIMES, Acting Chief Judge.
This is an appeal from a judgment of rescission.
By a written lease dated April 10, 1967, the appellee leased twenty-five acres of land in Pasco County to Robert E. Over-street for a period of ten years. According to its terms, Overstreet agreed to cultivate at his expense the citrus grove which occupied twenty-one acres of the land with the understanding that the appellee would be paid 50% of the net profits derived therefrom. By a warranty deed dated April 12, 1967, the appellee conveyed to Overstreet and the appellant, who was then his wife, ten acres of the land covered by the lease. The deed stated that it was “subject to the terms and conditions of that certain lease executed by the parties on April 10, 1967.” The deed contained documentary stamps reflecting a consideration of $4,000. The ap-pellee and Overstreet also executed an instrument dated April 12, 1967, entitled “Confirmation of Leasing Agreement” which stated in pertinent part:
“1. That EUPHEMIA M. ROWLAND, has this day, conveyed to ROBERT E. OVERSTREET and SANDRA P. OVERSTREET, his wife, the following *129 described real property located in Pasco County, Florida, to-wit:
North Vi of SE Vi of , SE Vi of Section 16, Township 24 South, Range 21 East, Pasco County, Florida,
the value of which the parties hereby estimate to be worth approximately $4,000.00.
“2. That the consideration for the above conveyance is the services rendered by the said Robert E. Overstreet, and the material and plants furnished by the said Robert E. Overstreet, in the clearing of land, and the planting and maintaining a grove for the said Euphemia M. Rowland, the value of which the parties hereby estimate to be worth approximately $4,000.00.
“3. That the above conveyance is subject to the terms and conditions of that certain Lease executed by the parties on April 10,1967; that the parties do hereby agree that the rights and duties of the parties set forth in said lease shall not be affected by said conveyance and that party of the first part shall still receive fifty per cent of the net profits from the grove on the above described realty as well as from the grove located on the balance of the realty described in said lease.”
In 1975, appellee brought suit against appellant and Overstreet seeking to cancel the deed for the failure to cultivate the citrus grove pursuant to the provisions of the lease and for the failure to remit 50% of the net profits from the grove since 1969. By the time of the suit, appellant and Over-street were divorced and each of them held an undivided one-half interest in the property described in the deed. Appellee obtained a default judgment of rescission against Overstreet for his one-half interest in the property. Following a nonjury trial the court entered a judgment rescinding the deed with respect to appellant’s one-half interest, and she has appealed this judgment.
Over the appellant’s objection the appel-lee was permitted to testify that the consideration flowing to her for the conveyance of the ten acres was the promise by Overstreet to cultivate the grove and to divide the profits with her. She said she would not have executed the deed without this promise. Since there was no evidence of undue influence or fraud, the apparent theory upon which the court granted rescission was that Overstreet’s promise was a dependent covenant, the breach of which invalidated the entire transaction. See Steak House v. Barnett, 65 So.2d 736 (Fla.1953). Assuming, without deciding, that the disputed testimony established a dependent covenant, we believe that the parol evidence rule precluded the admission of this testimony.
Our Supreme Court in Bond v. Hewitt, 111 Fla. 180, 149 So. 606, 607-608 (1933), gave a clear explanation of the parol evidence rule with respect to testimony on the subject of consideration when it said:
“ . . . The general rule is that parol evidence is not admissible to vary, contradict, or defeat the terms of a complete and unambiguous written instrument. To the general rule there are two recognized exceptions. They are: First, that where a written instrument does not purport to contain the entire agreement between the parties thereto, nor to have been intended as a complete statement or whole contract, and where such instrument was executed pursuant to a parol agreement and in part performance thereof, parol evidence is admissible when consistent with, and not contrary to, such written instrument. Chamberlain v. Lesley, 39 Fla. 452, 22 So. 736. Second, that where the deed of conveyance recites a consideration of a sum of money and other valuable consideration, the statement of the deed as to the consideration thereof is not complete and the true character of the consideration may be shown by parol. The exception just quoted, however, does not permit proof of an oral agreement for the purpose of imposing a further contractual obligation on one of the parties of which there is no indication or suggestion in the written contract, when such obligation is not only inconsistent with, but repugnant to other plain terms of the instrument. It is not per *130 missible under the guise of proving by parol the consideration of a written instrument, to add to or take from the other provisions of the written instrument, nor to modify, impair, or destroy the operative effect thereof. If the rule were otherwise, the obvious result would be to abrogate the long settled rule respecting the finality of written contracts. The exception last above mentioned should not be extended to include every motive that prompts the making of a contract, even though that motive be related to or forms a part of the consideration. Where the consideration sought to be shown by parol is purely contractual in its character, and imposes upon one of the parties an additional contractual obligation repugnant to the plain terms of the written contract, parol proof may not be resorted to for the purpose of enforcing such additional obligation, since parol evidence is no more admissible to vary or add to the written instrument in that respect than it is in any other. . . . ”
The same court three years later in Mallard v. Ewing, 121 Fla. 654, 164 So. 674, 678 (1936), summarized its position as follows: “ . . . [T]he rule is now generally
recognized that the true or real consideration of the instrument may be shown by either party by any competent evidence although the consideration so shown may be different in amount of quantity from the consideration expressed provided it is not inconsistent with it. . . . ” (emphasis added)
In the instant case, it is evident that the parties fully stated in writing the amount of the consideration for which the deed was given. The confirmation of leasing agreement which was executed contemporaneously with the deed specifically stated that the property being conveyed was worth $4,000 and that the consideration for the conveyance was past services rendered by Overstreet to the appellee, the value of which the parties estimated to be worth the same amount. To permit the appellee to later testify that additional consideration was involved is clearly repugnant to the written agreement. Since there is no other evidence to support rescission, the judgment must be .
REVERSED.
OTT, J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.