PER CURIAM.
In Whitehead v. Rowland, 352 So.2d 128 (Fla.2d DCA 1977), this court reversed a judgment which had rescinded a deed to ten acres of citrus grove. The ground for reversal was that the court had violated the parol evidence rule by admitting testimony of the plaintiff that the consideration flowing to her for the conveyance of the property was the oral promise by one of the grantees to cultivate the grove and to divide the profits with her. The last paragraph of our opinion read as follows:
In the instant case, it is evident that the parties fully stated in writing the amount of the consideration for which the deed was given. The confirmation of leasing agreement which was executed contemporaneously with the deed specifically stated that the property being conveyed was worth $4,000 and that the consideration for the conveyance was past services rendered by Overstreet to the appellee, the value of which the parties estimated to be worth the same amount. To permit the appellee to later testify that additional consideration was involved is clearly repugnant to the written agreement. Since there is no other evidence to support rescission, the judgment must be
REVERSED.
352 So.2d at 130.
Following the supreme court’s denial of a petition for certiorari, the successful appellant (one of the defendant-grantees) petitioned for the entry of judgment pursuant to our decision. The plaintiff filed a petition for leave to amend her pleadings to state a claim for reformation and for a new trial. She attached to her petition an affidavit from the other defendant-grantee, against whom the court had previously entered a default judgment, to the effect that both he and the plaintiff intended that part of the consideration for the conveyance was the agreement by his co-grantee and him *608 self to maintain the grove on the property as well as additional citrus acreage owned by the plaintiff and to split the profits thereof with her. Concluding that he was bound by our mandate, the trial judge denied the plaintiff’s petition and entered a final judgment for the defendant.
On this appeal the plaintiff who is now the appellant argues that the trial court should have granted her a new trial in which she could seek to have the documents referred to in our previous opinion reformed so as to reflect that the promise to maintain the grove was a dependent covenant, the subsequent breach of which would require the deed to be set aside. Much of her argument and that of appellee centers around whether the language of our opinion and mandate directed the trial judge to enter a judgment for the defendant. We have chosen to pretermit this analysis because even if we had specifically instructed the lower court to enter a judgment for the defendant, we would still have jurisdiction to change our mind if we concluded that our instruction had been wrong. Beverly Beach Properties, Inc. v. Nelson, 68 So.2d 604 (Fla.1953). Therefore, we shall consider the larger question of when, if ever, a plaintiff should be entitled to have a new trial after a court has reversed a judgment in his favor for lack of evidence. At the outset, this requires an analysis of two early supreme court decisions.
In Webb Furniture Co. v. Everett, 105 Fla. 292, 141 So. 115 (1932), the plaintiff filed a declaration sounding in the common counts. The supreme court reversed a judgment for the plaintiff on the sole ground of lack of evidence to support it. Following the issuance of the mandate, the plaintiff moved to amend its declaration by adding some additional counts relating to the same transaction upon which the original declaration was grounded. The trial court overruled the motion to amend and entered judgment for the defendant. In once again reversing, the supreme court said:
The sound rule seems to be that, when error occurs in the trial of a common-law action by reason of which the judgment is reversed, on remand of the cause, the parties are restored to the position they found themselves at the time the error was committed, and the cause must be tried again, but, if reversible error is committed after the trial, the adverse rule follows. Such has been the general practice in this state in both common-law and criminal actions. In the case at bar the error for which it was reversed occurred prior to the verdict and even prior to striking the counts which are now sought to be restored. Under such circumstances a new trial should have been awarded.
105 Fla. at 296, 141 So. at 116.
Jones v. Tampa Electric Co., 143 Fla. 693, 197 So. 385 (1940), relied upon Webb to reach substantially the same result. There the plaintiff had originally obtained a judgment against the defendant which the supreme court reversed on appeal on the ground that the record disclosed no actionable negligence on the part of the defendant. The trial judge thereupon declined to grant the plaintiff a new trial and entered judgment for the defendant. Reversing this judgment, the supreme court said:
It appears that under the state of the record in this case the plaintiff in error, who is plaintiff in the Court below, is entitled to have the case retried by a jury and if he can produce sufficient legal evidence to establish the allegations of his declaration he may recover but if on the retrial the evidence is substantially as it was on the former trial, then he cannot recover because the Supreme Court has definitely determined that such evidence is legally insufficient and in such event it will be the duty of the trial court to instruct a verdict in favor of the defendant.
It follows that the entry of judgment for the defendant without an affirmative showing that there could be no further or other evidence produced than that which was produced and considered on the for *609 mer trial constituted error and such judgment should be reversed.
143 Fla. at 698, 197 So. at 386.
These opinions have seldom been cited in the many years since their issuance. More recently, our sister court in Apalachicola Northern Railroad Company v. Tyus, 114 So.2d 33 (Fla.1st DCA 1959), appeared to reject the rationale of these cases without referring to them. In denying a petition for rehearing which followed the reversal of a judgment because of the lack of evidence to support it, the court said:
When a cause is reversed for lack of evidence, a new trial cannot be awarded on the theory that some additional evidence might have been available at the former trial and will be presented on retrial, or that some such evidence may be found and will be presented on retrial, and that in either event there may be a different result upon the retrial. Absent very limited exceptions which do not appear in this case, we indulge a conclusive presumption that the litigants have presented all available, competent, and material evidence supporting their cause; and failure to do so is at their election and risk. Any other rule would only lead to chaos.
It often occurs that following trial new evidence is discovered of such character that if presented at the trial would have likely produced a different result, or of such character as to require its consideration in order not to unduly prejudice the party against whom judgment was rendered, and in such cases a new trial will be awarded upon a proper showing. However, the procedural requirements to be followed by one desiring to be availed of such evidence are logically exacting, foremost among which is a showing that the existence of the evidence was discovered subsequent to the trial.
114 So.2d at 38, 39. The supreme court ultimately quashed the decision of the First District Court of Appeal because it concluded that there was sufficient evidence to support the judgment after all. Tyus v. Apalachicola Northern Railroad Company, 130 So.2d 580 (Fla.1961). Nevertheless, we continue to be impressed by the wisdom of the statement quoted above.
We cannot support the naked proposition that where a court reverses a judgment for a plaintiff solely for lack of evidence, the plaintiff is automatically entitled to a new trial.[1] If we were squarely faced with this question, we would certify it to the supreme court, because if this is really the rule of Webb and Jones we would hope that the court would modify it. However, this case is somewhat different from Webb and Jones and we believe that the unusual circumstances it presents entitle the plaintiff to a new trial.
It is true that once the parol evidence was stricken, there was no evidence left to support a judgment for the plaintiff. However, the basis for invoking the parol evidence rule was the written documents. By her petition the plaintiff now seeks to reform these documents to make them reflect her understanding of the transaction, and parol evidence is always admissible in a suit for reformation based upon mutual mistake. 13 Williston on Contracts § 1552 (3d ed. 1970); 66 Am.Jur.2d Reformation of Instruments § 118 (1973).
The plaintiff could be criticized for not including a count for reformation in her initial complaint. Be that as it may, her theory of reformation is consistent with her testimony that the conveyance of the grove was in exchange for the promise to maintain it and to split the profits with her. This is not a case in which the plaintiff has changed her position or in which she is seeking to introduce additional evidence which she should have put on in the first place. At the trial there was no need for her to think in terms of reformation because the judge had concluded that her *610 testimony was admissible as being consistent with his interpretation of the documents. Thus we think justice requires that the plaintiff be permitted a new trial in which to seek reformation and such other relief as may be appropriate should the documents be reformed.
REVERSED.
GRIMES, C. J., and BOARDMAN and SCHEB, JJ., concur.

. Compare City of Glendale v. Skok, 6 Ariz. App. 342, 432 P.2d 597 (1967) with Shetter v. Rochelle, 2 Ariz.App. 607, 411 P.2d 45 (1966) in which the Arizona Court of Appeals makes a fine distinction between a case reversed for insufficiency of evidence and one in which there was a total lack of evidence to support a judgment for the plaintiff.