BOARDMAN, Acting Chief Judge.
The sole issue on this appeal is: Did the trial court err in refusing to allow plaintiff/appellant Cirou to reopen- his case on remand for the purpose of presenting rebuttal evidence where the trial court originally ruled in favor of Cirou without affording him an opportunity to present rebuttal evidence and this court reversed that ruling on appeal? We hold that, under the unusual circumstances of this case, the trial court did so err, and we reverse.
Cirou originally sued appellee Naples Awning & Glass, Inc. (Naples) on a promissory note, seeking foreclosure of a mortgage on certain real property which secured the note. The note was executed by Naples in partial payment for the purchase of stock in the corporation held by Cirou. Naples raised the affirmative defense that the agreement was illegal because Naples had insufficient capital surplus to make the stock purchase, and presented evidence to that effect. See this court’s original opinion, Naples Awning & Glass, Inc. v. Cirou, *930 358 So.2d 211 (Fla. 2d DCA), cert. denied, 364 So.2d 882 (Fla.1978).
At the conclusion of Naples’ presentation of its defense, the trial judge announced that he was prepared to rule and proceeded to find in favor of plaintiff Cirou. This court reversed on appeal and remanded for further proceedings on the basis of the undisputed testimony of a certified public accountant presented by Naples. We subsequently denied Cirou’s motion for rehearing, which included the argument that the trial court had ruled at the conclusion of Naples’ case without giving Cirou an opportunity to present rebuttal evidence and that on remand he should be allowed to present such evidence. On remand, following the issuance of our mandate, Cirou made the same argument to the trial court with the same result: his motion for new trial was denied and final judgment was entered in favor of Naples. Cirou now appeals.
One of the issues that rightly concerned the trial court and is addressed by Naples here is whether the language of our opinion coupled with our denial of rehearing required the trial court to enter a judgment in favor of Naples. We need not decide this question since we have the power to correct any error we may have made in our prior opinion. Beverly Beach Properties, Inc. v. Nelson, 68 So.2d 604 (Fla.1953); Rowland v. Whitehead, 375 So.2d 607 (Fla. 2d DCA 1979).
In Rowland v. Whitehead, supra, we discussed the question of when a plaintiff is entitled to a new trial after a judgment in his favor has been reversed for lack of evidence. We concluded that if the reversal is predicated solely on a lack of evidence, the plaintiff is not automatically entitled to a new trial, relying on Apalachicola Northern R. Co. v. Tyus, 114 So.2d 33 (Fla. 1st DCA 1959), rev’d on other grounds, 130 So.2d 580 (Fla.1961), wherein the court stated:
When a cause is reversed for lack of evidence, a new trial cannot be awarded on the theory that some additional evidence might have been available at the former trial and will be presented on retrial, or that some such evidence may be found and will be presented on retrial, and that in either event there may be a different result upon the retrial. [Emphasis in original] Absent very limited exceptions which do not appear in this case, we indulge a conclusive presumption that the litigants have presented all available, competent, and material evidence supporting their cause; and failure to do so is at their election and risk. Any other rule would only lead to chaos. [Emphasis added.]
114 So.2d at 38-39.
We believe that the situation here constitutes an exception to the presumption that the litigants have presented all available evidence supporting their cause. The unre-butted testimony concerned the affirmative defense of illegality, see Atlantic Coast Line R. Co. v. Mack, 57 So.2d 447 (Fla.1952); Cirou was not required to anticipate this evidence in his case in chief, although it would clearly have been incumbent upon him to rebut it in order to prevail had the trial court found that Naples had met its burden of proving its affirmative defense. See 13 Fla.Jur. Evidence §§ 62-64 (1957).
At the close of Naples’ case, defense counsel moved for dismissal. Cirou’s counsel responded, “I think before arguing the law, I think I should have an opportunity to — .” The trial judge cut him off, stating he had made up his mind and was prepared to rule, and proceeded to rule in favor of Cirou.[1] The trial court, in effect, having directed a verdict in his favor, it became unnecessary for Cirou to put on any rebuttal evidence, and his counsel may well have felt that insistence on doing so would antagonize the trial judge. Under such circumstances we cannot reasonably indulge the presumption that Cirou had presented all available evidence in his favor, as he should certainly have the opportunity to do.
Accordingly, the final judgment in favor of Naples is REVERSED and the cause REMANDED with directions to allow Cirou *931 to present any appropriate rebuttal evidence he may have.
RYDER and DANAHY, JJ., concur.

. These facts were brought to this court ’s attention for the first time on the instant appeal.