JOHN D. GRAY VS. THE FIRST NATIONAL BANK OF PENSACOLA.

Appellee confessed the errors assigned by appellant, and moved thereon for reversal, giving notice of motion to appellant, by whom there was neither appearance nor resistance to the motion. Reversal, without defining the extent of the error.

Appeal from the Circuit Court for Escambia county.

*R. L. Campbell* for Appellant.

*Blount & Blount* for Appellee.

RANEY, C. J.:

Appellee filed a bill in equity against appellant in his own right and as administrator of the estate of Margaret E. Gray, and against W. F. Fordham and Thomas C. Watson, to foreclose a mortgage on real estate. According to the bill, Gray and his wife, the intestate, executed the note and mortgage, and subsequently mortgaged the same real estate to Fordham, to secure a debt from Gray to Fordham of a stated account, the real estate being the separate statutory property of the wife. Subsequently, and after the death of the wife, one McCaskill sold under a *fi. fa.* against Gray the undivided one-fourth interest in the land which had accrued to Gray on the death of his wife, and purchased the same, and afterwards sold the same to Watson, who is alleged to be still the owner thereof. The prayer of the bill was, *inter alia*, that the property be sold to satisfy the claim of complainant, including attorneys' fees, which were covered by the mortgage, and afterwards the debt due Fordham, and for general relief. There was a degree *pro confesso* against Fordham and Watson for want of demurrer or other pleading. Gray, answering in his own right and as administrator, asserted that it was not true that Watson had any interest in the property, because, as he alleged, the conveyance to Watson inured to the benefit of the estate of the intestate, since Watson, at the time he obtained it, was the agent of respondent, as administrator aforesaid, and as such

agent had charge of the property, renting the same, and receiving the rents therefor ; and, besides, as the consideration paid was only $100, it was in his power to pay the same out of the rents ; and, further, that the conveyance was intended by McCaskill for the benefit of said estate, and made to Watson because he was known to be the agent of said estate ; and by way of plea it was asserted that Watson was not a necessary party, and that making him a party was virtually an attempt to obtain a judicial recognition of the rights in him which have no existence in equity.

The cause was set down by complainant on bill and answer on December 4, 1890, and on the 17th of the month complainant filed an affidavit of John Eagan, an attorney-at-law, stating that he thought the sum of $158.12 to be a reasonable fee for the complainant's solicitors ; and on the 19th day of the same month a decree of foreclosure and sale was entered. This decree recites that the cause came on to be heard upon motion of complainant's solicitor for a final decree, and the entry of the decree *pro confesso* against Watson and Fordham ; and that the defendant, John D. Gray, individually and as administrator of the estate of Margaret E. Gray, deceased, filed an answer, which had been set down for a hearing on bill and answer by the complainant, and then reads : ''But the said Gray confessing the said answer to be insufficient in law, it is therefore in accordance with such confession, ordered, adjudged and decreed that the said answer is insufficient as an answer to the said bill ;'' and then

proceeds to ascertain the amount due complainant, and an attorney's fee of $158.12, and also the amount due Fordham, and directs that out of the proceeds of the sale there should be paid—First, the costs of the sale; second, the costs of the suit; third, the amount decreed complainant; fourth, the amount decreed Fordham; and fifth, a division of the residue between John D. Gray, as administrator, and Watson, so that the former shall have two-thirds thereof and Watson one-third.

From this decree Gray appealed, and has assigned as error: First, that the attorney's fee was allowed without proper proof; second, the allowance of one-third of the residue of the proceeds to Watson, instead of requiring the whole of such residue to be paid to appellant as administrator; third, adjudging one-third of such residue to be paid to Watson, while the bill alleges his interest in the mortgaged property to have been one-fourth.

On the 5th of December, 1892, appellee filed in this court a consent to the reversal of the decree of the court below upon each and every ground assigned by the appellant; and subsequently it has moved to advance the cause, and reverse it upon "the confession of errors," having given notice of such motion to appellant's counsel. There is no appearance or opposition by appellant to the motion.

Our conclusion, in view of all the circumstances detailed above, is to grant the motion, and reverse the

decree, as upon such confession of errors, without giving any views as to the extent of the error. The decree will be reversed accordingly, and the cause remanded for such proceedings as are consistent with equity practice. Ice Co. vs. Perry, 129 U. S., 318, 7 Sup. Ct. Rep., 576.

It will be ordered and decreed accordingly.