A. G. GARZO, *Plaintiff in Error*, v. J. H. BROPHY CONSTRUCTION COMPANY, A CORPORATION, *Defendant in Error*.

## Opinion Filed January 10, 1914.

Where the defendant in error confesses error in rendering a judgment for attorney's fees without taking evidence thereon, the judgment will be reversed and the cause remanded for furthr proceedings in accordance with applicable statutes.

Writ of error to Circuit Court of Palm Beach County; L. W. Bethel, Judge.

Judgment reversed.

*Gordon R. Broome* and *Metcalf & Pattishall,* for Plaintiff in Error;

*Currie & Carmichael,* for Defendant in Error.

WHITFIELD, J.—This action was brought by the construction company against Garzo to recover for improve-

ments upon Garzo's property. There was judgment for the plaintiff and the defendant took writ of error. A number of errors are assigned and urged here, but it will not be necessary to discuss them in detail, since the essentials of the proceedings recognized by the statutes in such cases as to compensation or liens for labor and material have in the main been substantially complied with except in the terms of the judgment which will be referred to in the conclusion. The pleadings are not fatally defective, and there was apparently no reason for requiring an election between the counts of the declaration. There is ample evidence to form a legal basis for the finding as made of the amount due on the improvements and there is nothing to indicate that the jury were not governed by the evidence in their finding. Errors if any in the rulings on the admissibility of testimony and in giving and refusing charges are in view of the whole record, harmless. The verdict in favor of the plaintiff for a stated amount "as per bill attached, esentials of the proceedings necognized by the statutes with no attorneys' fees" is sufficiently definite and responsive to the issues submitted to them. No question of attorneys' fees is to be submitted to the jury, and that part of the verdict may be treated as surplusage, as well as the reference in the verdict to the "bill attached" to the pleadings. The statute provides that "If the plaintiff shall prevail, the court shall allow him reasonable attorney's fees, to be fixed by the court, not to exceed" stated amounts. Sec. 2218 Genl. Stats. of 1906.

The defendant in error confesses error in that portion of the judgment, awarding attorney's fee, as not being founded upon evidence.

The judgment is reversed at the cost of the defendant

in error and the cause remanded for a proper adjudication as to attorney fees and for the rendering of an appropriate judgment. Chapter 6467, Acts of 1913.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.