W. A. CLARK, CONTESTANT, *Appellant*, v. MILLARD F. CALD-
WELL, JR., AS EXECUTOR UNDER THE LAST WILL AND TES-
TAMENT OF W. W. CLARK, DECEASED, OFFERED FOR PRO-
BATE, *Appellee.*

Division B.

Opinion Filed April 17, 1928.

*McGeachy & Bryan, L. V. Trueman; Loftin, Stokes &
Calkins* and *J. T. Wiggins,* for Appellant;

*Watson, Pasco, Brown* and *Carter & Yonge,* for Appellee.

TERRELL, J.—W. W. Clark, a member of the bar of this
Court, died testate, March 30th, 1926, at Milton, Florida.
April 2, 1926, W. A. Clark, father of the testator, filed a
*caveat* in the office of the County Judge of Santa Rosa
County, resisting the probate of the alleged will of the said
W. W. Clark. April 20, 1926, Milliard F. Caldwell, Jr.,
late law partner of the deceased and the executor named in
his (W. W. Clark's) will, offered in the County Judge's
Court at Milton, Santa Rosa County, the purported will of
the said W. W. Clark for probate. May 11, 1926, W. A.
Clark filed his objections to the probate of the said will,
said objections being predicated on mental incapacity to
execute the will and undue influence on the part of the
beneficiaries under the will.

At final hearing August 23, 1926, on considering the pleadings and a large volume of oral and documentary evidence and the argument of counsel the County Judge entered his order refusing to admit the alleged will of W. W. Clark to probate. October 5, 1926, appellee, as executor of the will, filed with the County Judge his petition seeking to require counsel for contestant to furnish him (appellee) a copy of the testimony taken at the hearing before the County Judge. That petition was denied. October 16, 1926, Milliard F. Caldwell, Jr., as executor of the will, entered his appeal from the order of the County Judge refusing to admit the alleged will to probate and from the order of the County Judge refusing to direct the stenographer employed by counsel for contestant to furnish him (Milliard F. Caldwell, Jr.,) a copy of the testimony taken at the hearing before the County Judge. Said appeal was made returnable before the Circuit Court of Santa Rosa County, January 12, 1927. February 28, 1927, the contestant, W. A. Clark, filed in the office of the Clerk of the Circuit Court of Santa Rosa County a motion to dismiss said appeal. April 19, 1927, the Judge of the Circuit Court entered his order overruling the contestant's motion to dismiss said appeal and reversing the order of the County Judge refusing to admit the purported will to probate.

April 23, 1927, the contestant entered his appeal from the order of the Circuit Court dated April 19, 1927, making said appeal returnable before this Court June 30, 1927. Two questions are brought here for our consideration, viz: (1) Did the Circuit Judge err in refusing to dismiss the appeal, and (2) Did the Circuit Judge err in reversing the order of the County Judge because of his failure to require the testimony taken before him on the contest of the will to be reduced to writing.

On the 14th day of April, 1928, appellee filed in this

Court his consent to the reversal of the decree of the court below upon each and every ground assigned by the appellant but without determining the nature or extent of the error assigned; reversal being on the ''confession of errors'' so entered, consent to said reversal having been given here by appellant through his attorney in fact, and by his counsel and by the trustees named in the will of the testator.

In view of the circumstances detailed above, our conclusion is to reverse the decree of the chancellor upon such ''confession of errors,'' without giving any views as to the extent of the error. The decree will be reversed accordingly and the cause remanded with instructions to the chancellor below to enter his decree affirming the judgment of the County Judge of Santa Rosa County refusing to admit the will of the testator to probate. Gray v. First National Bank of Pensacola, 31 Fla. 590, 12 So. 215; Garzov v. J. H. Brophy Construction Company, 66 Fla. 607, 64 So. 234; 4 C .J. 1161, note 91, Text 1161.

Ordered and decreed accordingly.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.