H. E. PRITCHETT, *et al.,* v. BREVARD NAVAL STORES COMPANY, *et al.*

185 So. 134.
Division A.
Opinion Filed October 26, 1938.
Rehearing Denied Jan. 4, 1939.

650

*Claude L. Gray* and *George W. Johnson,* for Appellants; *Bryant & Trantham; Waller & Meginniss* and *W. C. Brooker,* for Appellees.

TERRELL, J.—The property involved in this litigation is an orange grove. It was acquired by Mrs. Effie P. Pritchett in 1911 with her inheritance and was sold by her to A. Silverburg in 1925, for which she took a cash payment and a mortgage back for deferred payments. In 1926, creditors of H. E. Pritchett, Gulf Fertilizer Co. the husband of Effie F. Pritchett, filed a creditor's bill in the Circuit Court of Polk County, seeking to subject the proceeds of the mortgage to the payment of claims held by it against Mrs. Pritchett. While this suit was pending, Silverburg reconveyed the land described in the mortgage to Mrs. Pritchett who in turn on March 8, 1928, conveyed it to Brevard Naval Stores Company, a Florida Corporation.

Mrs. Pritchett died in April, 1928, after which those creditors filed a supplemental bill attacking her conveyance to Brevard Naval Stores Company as a fraud on creditors. The heirs of Mrs. Pritchett were made parties defendant to this suit. While it was pending, the Gulf Fertilizer Com-

pany instituted actions against Brevard Naval Stores Company which resulted in judgments in its favor. While the latter suits were pending, Pritchett procured a charter for Polk Investment Company and had Brevard Naval Stores Company convey the property in question to it, it being shown that at the time of Mrs. Pritchett's death, she owned all the stock in Brevard Naval Stores Company, that said stock descended to her heirs who now own all the stock in Brevard Naval Stores Company and Polk Investment Company.

On securing its judgments against Brevard Naval Stores Company, Gulf Fertilizer Company filed a bill of complaint to set aside the deed from Brevard Naval Stores Company to Polk Investment Company as a fraud on creditors. Final decree was ultimately entered in compliance with the prayer of the bill and further holding that the judgments of Gulf Fertilizer Company were a lien on the property which was ordered sold to satisfy them. The instant suit was brought to restrain said sale. In a former appeal herein, Pritchett v. Brevard Naval Stores Co., 126 Fla. 156, 170 So. 610, the judgment below was reversed because of the exclusion and refusal to consider material evidence. This appeal is from a final decree adjudging the equities to be with the complainant Gulf Fertilizer Company, and dismissing the bill of complaint.

Numerous questions are argued on this appeal but they all resolve under these propositions, (1) when the cause was first reversed, had the chancellor power to refer the issues to master for taking further testimony? (2) Does the decree appealed from find ample support in the record? and (3) Was the chancellor's finding on the question of estoppel and on issues incident thereto warranted by the record?

When the cause was reversed on the former appeal, the

Gulf Fertilizer Company moved that it be referred for the taking of further testimony. The granting of this motion is the ground on which the first error was assigned and argued in this Court.

It is shown that the cause was reversed and remanded for appropriate proceedings. The general rule is that when a case is returned to the lower court in this state, it is in the same condition as if a new trial had been ordered. Aside from this fact, in all such reversals, the trial court is vested with a broad discretion in handling or directing the course of the cause when it is remanded and there is no showing that he abused that discretion. We find no merit in this contention. Sarasota Ice Co. v. Lyle, 58 Fla. 517, 50 So. 993; Simpson v. Warran, 106 Fla. 688, 143 So. 602; 4 C. J. 1224.

The second question we are called on to resolve is whether or not Mrs. Pritchett appeared before the Notary Public and acknowledged her signature when she executed the deed to Brevard Naval Stores Company.

The evidence on this point is in conflict and susceptible of more than one interpretation. It is not charged that fraud or overreaching of any kind was perpetrated on Mrs. Pritchett to induce her to execute the deed. It is shown that she was very ill at the time the deed was executed and in fact died soon after. Attending physicians testified that she was in very bad condition and was not mentally capable of executing a deed. The attending nurse testified that she was in a state of coma at times but that she also had lucid intervals in which her mind was normal. The Notary's testimony was not satisfactory or conclusive. On the whole, the evidence does not conclusively show that Mrs. Pritchett did not appear before the Notary and acknowledge her signature to the deed as the law requires. The judgment

rendered was amply supported and we find no ground on which to reverse it.

The question of estoppel and in fact all other questions discussed go primarily to the merits of the case. Some of these questions were raised on the cross appeal. It is shown that both Brevard Naval Stores Company and Polk Investment Company were family corporations owned by Mrs. Pritchett and her heirs, that they were both managed and controlled by Mr. Pritchett, that Brevard Naval Stores Company was at the time of the transactions in question and had for some time been inactive, used solely for the purpose of holding title to property belonging to Mrs. Pritchett. It is charged that the corporation was used as the *alter ego* of Mrs. Pritchett, that the judgments now attempted to be enforced were for fertilizer purchased and used on the grove in question and that she permitted him to and it is shown that Pritchett used the corporate name constantly in business transactions. To review all the transactions and facts about which there is no dispute but which show this would require a long opinion that would serve no useful purpose.

To permit the Appellant's use of the corporation as a business entity and in so doing, make representations to the world by which it incurs obligations and then seek to avoid meeting said obligations on the grounds shown here would be a use of the law to prevent justice, which should not be permitted. It is conclusively shown that Mr. Pritchett used the corporation as a convenience and that Mrs. Pritchett permitted this. There had not been a meeting of the directors for years. On the merits, we find no ground for reversal.

The decree appealed from is therefore affirmed.

Affirmed.

WHITFIELD, BROWN and CHAPMAN, J. J., concur.

Ellis, C. J., and Buford, J., dissent.

Buford, J. (dissenting)—As I see it, the controlling question presented in this case is, whether or not Mrs. Pritchett appeared before a Notary Public and acknowledged the deed in question. If she did not at any time appear before the officer who purported to have taken her acknowledgement, the officer purporting to have taken the acknowledgment was without jurisdiction in the premises and the purported deed conveyed no title.

The undisputed testimony is that Mrs. Pritchett was confined in her bed at her home at the time of the alleged execution of the deed. That she had been so confined continuously for several weeks before the alleged execution of the deed and was so continuously confined there from that time to the date of her death.

The undisputed evidence shows that the Notary Public who purported to have taken the acknowledgment was never at any time in Mrs. Pritchett's home, and the evidence is conclusive, that she never either at the time of the purported execution of the deed or at any time thereafter, saw Mrs. Pritchett.

It may be that a hardship was worked but if the deed was ineffectual to pass title it passed none and the title passed to the heirs of Mrs. Pritchett upon her death.

It is my opinion that the record shows beyond all doubt that the deed was not acknowledged by Mrs. Pritchett and that she and the Notary who purported to have taken her acknowledgment were never in the presence of each other at any time in connection with the execution of the deed and, therefore, the deed passed no title, and that the decree should be reversed.

Ellis, C. J., concurs.