H. E. PRITCHETT, ELIZABETH P. DUNAVANT, MAURICE DUNAVANT, WILLIAM H. PRITCHETT, THELMA P. MILLER, V. H. MILLER, EFFIE P. MILLER, JAMES T. MILLER, JR., & CHARLES M. PRITCHETT, v. BREVARD NAVAL STORES COMPANY, GULF FERTILIZER COMPANY AND W. W. CHASE, as Sheriff of POLK COUNTY.

190 So. 430
Division A
Opinion Filed July 7, 1939.
Rehearing Denied July 25, 1939

_Claude L. Gray, J. W. Harrell_ and _Smith & Petteway,_ for Appellants;

_Bryant & Trantham, Walter & Meginniss_ and _W. C. Brooker,_ for Appellees.

THOMAS, J.—It seems fitting to briefly review the history of this case in this Court before discussing the merits of the appeal which brings it here for the third time.

A decree was reversed which dismissed a bill of complaint seeking to set aside a deed executed by Effie F. Pritchett and her husband to Brevard Naval Stores Company at a time when the company was indebted to Gulf Fertilizer Company, as shown by two judgments, aggregating about fourteen thousand dollars, entered subsequent to the transfer. The decree recited, in addition to the above, that;

between the times of the conveyance and the entry of the judgment, Brevard Naval Stores Company deeded the property to another corporation. The judgment creditor brought a creditor's bill against the grantee corporation and the judgment debtor in which complainant prevailed. Execution issued and suit was filed by the heirs of Effie Pritchett to enjoin the sale under execution claiming the original transfer void on the grounds that she was mentally incompetent when the deed was signed and that the instrument was not properly acknowledged.

The reversal was based on error of the chancellor in excluding certain testimony. Pritchett v. Brevard Naval Stores Co., 126 Fla. 156, 170 South. Rep. 610.

The case was, consequently, again entertained by the chancellor and for the second time he dismissed the bill of complaint. An elaboration of the facts may be found in the report of the Court's last opinion. Pritchett v. Brevard Naval Stores Co., 134 Fla. 649, 185 South. Rep. 134.

This, third, appeal brings for review two orders entered by the chancellor; one denying application for permission to file a supplemental bill in the nature of a bill of review and to stay the execution sale; the other, directing the receiver to disburse certain moneys in his hands.

The first question presented is substantially as follows: May funds be paid out by a receiver on an unsworn report without his petition therefor and when notice is mailed only the day before the hearing to an attorney living sixty miles distant?

Confining ourselves to the transcript prepared at the direction of counsel for appellants, we fail to find those facts and circumstances upon which they base their contention that the action of the chancellor was, for the reasons given, improper. The receiver filed a report February third, 1939, reciting that by a former one (22 November, 1938) it ap-

peared he had in his possession the sum of $5,883.79 "as of November 12, 1938"; that the court directed him, December 14, 1938, to pay himself $1000 compensation and to pay his attorneys $450; that he was authorized to continue his care of the property in his charge and had expended $416.52 for the purpose; that, following the court's instructions, he had sold part of the crop from the property for $1229.20; that the remainder of the crop would fetch $1500; and that he then had on hand $5246.47. He asked for further instructions and took an oath to the correctness of the contents of the report.

The Court approved the report and ordered the money on hand paid to the judgment creditor, reciting that the credit should be made prior to the sale of the real property under execution. He also directed the creditor to cause credit to be shown by the sheriff on the execution and he instructed the receiver to report promptly the proceeds from the crop, then in process of sale, with the costs incurred.

The order recites, further, and nothing is shown by way of contradiction, that appellants' counsel were present. Their objections, as set out as a preface to the order, were that they had been shown no copy of the report; that "no petition was filed for disbursement of the money by the defendant Gulf Fertilizer Company"; and "that it is improper to pay over the monies involved herein in the hands of the receiver at this time."

Adverting to the question as we have epitomized it, there was a report of the receiver duly verified which was concise and could be comprehended by a casual examination. The record is silent as to the distance counsel had to travel to attend the hearing. Even so, the solicitors representing appellants were present and the record of their objections does not contain any reference to their inability to properly represent their clients because of the insufficiency of the

notice. It is true that they protested because they had not received a copy of the report but much of it was grounded on a former one and an order filed many weeks before.

The purpose of notice is to assure the opportunity to appear and counsel having been present and not having protested because of the shortness of the notice there was no impropriety in entering the order challenged.

It is interesting to note here that the day on which the hearing was held was the same date appellants presented an application for permission to file the bill in the nature of a bill of review.

Appellants next question the propriety of the court's order to the receiver to pay himself and his attorney their fees "while a supersedeas is in effect on an appeal to the Supreme Court and before the mandate has issued * * *." Again we fail to find in the transcript, by which we are guided, facts given in this statement.

Rehearing was denied and the mandate was issued January 4, 1939. The receiver represented that by an order recorded December 14, 1938, he was authorized to make these payments and the order of February third, 1939, to repeat, ratified the disbursements. For aught we know, the actual payments were made after the issuance of the mandate but if not we do not see how appellants could be harmed in view of the affirmance of the decree by this court and the subsequent ratification by the chancellor.

The action of the chancellor in causing approximately five thousand dollars to be paid by the receiver to the judgment creditor and in making provision for future receipts from the crop does not seem to warrant the criticism that he *ignored* the prospective income of $1500 and *failed* "to authorize any credit to be given therefor." As we have observed, he was careful to provide for a credit on the execution for the larger amount and admonished the receiver to

report promptly the sum ultimately realized from the residue of the harvest. This money will be, when paid, in the hands of an officer of the court and subject to disbursement under the court's direction.

The total receipts from the sale of the real estate and from the crop it has yielded during the receivership will, after a deduction of the expenses, be applied to the judgments and the balance paid to those of appellants who are entitled to it, and there is nothing shown by the record that the substantial amount yet to be accounted for has been ignored or that appellants' rights will be in any wise complicated or endangered by allowing the sale to proceed before all accounts with reference to the sale of the crop have been settled.

An order was entered in this court February second, 1939, granting leave to the Circuit Court of Polk County to entertain and determine a supplemental bill in the nature of a bill of review. The following day this application was presented and denied. It is urged that this was error. The pleading is not included in the transcript nor was it sought to incorporate it in the record by an appropriate direction to the clerk. We gather from the brief that the court refused to file the petition, as he had a right to do within his discretion but this ruling did not prevent appellants from lodging it in the clerk's office and having it properly brought before us.

Not being a part of the record no reason is shown to disturb the decision of the chancellor.

The controversy seems to have been thoroughly and fairly considered and it is apparent, too, that appellants have taken advantage of all the rights available to them including two appeals.

We conclude that "finis" should be written to this litigation.

The order appealed from is affirmed but the cause is re-
TERRELL, C. J., and BUFORD, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.