DOROTHY EVANS, a widow, v. CARL GREEN, JULIA GREEN, and PATRICIAN HOTEL COMPANY

195 So. 413
Opinion Filed August 1, 1939
On Reinstatement of Cause April 9, 1940

*Murrell & Malone* and *E. F. P. Brigham,* for Appellant; *Sibley, Giblin & Schroeder,* for Appellees.

PER CURIAM.—Dorothy Evans, the appellant, and Carl Green, the appellee, were sole owners of the stock in Patrician Hotel Company. A controversy arose between them as to status of the physical property and on bill of complaint filed by Dorothy Evans, Lewis Hall was appointed receiver for the Patrician Hotel Company to preserve the assets for the benefit of all its creditors. Hall later resigned as receiver, his resignation was accepted and Ernest Roberts

was appointed in his stead. On the following day the court vacated the order accepting the resignation of Hall and appointing Roberts as receiver and on the same date another judge reappointed Hall to continue as receiver under like instructions as before. An order was also made on stipulation of counsel, diverting certain funds arising from the receivership to the parties hereto. Said order was vacated.

This appeal was prosecuted from the order vacating the appointment of Roberts as receiver, from the order reappointing Hall as receiver and from the order vacating the order diverting funds of the receivership to the parties hereto. On stipulation of the parties without bond, supersedeas of the orders appealed from was secured. A confession of errors was then filed by appellee in this court on which an opinion was entered to the effect that if the confession of errors was endorsed by appellants before June 1, 1939, the orders appealed from would be reversed.

The confession of errors so endorsed was filed in this court as directed, but no order of reversal or other order thereon has been entered. It develops that the receiver's report shows the Patrician Hotel Company to have many creditors who are interested in the litigation and that none of them are parties to the cause but the mortgagor. Some of them have presented claims and been paid and others have asked leave to intervene and have been denied. Others have been given leave to sue the receiver.

It further appears from the record that the parties to the cause secured the appointment of the receiver and by stipulation induced the court through the receiver to divert funds from the receiver's hands to the parties hereto and the court later by order refusing to allow such diversion, they appeal from that order and now by filing confession

of errors they propose to hold the lower court in error when no error is shown in the procedure taking the appeal.

It is well settled that parties to a cause may waive their own rights and confess their own errors and that any such waiver and confession will be given its legal effect, but we know of no authority for the parties confessing error of the court unless such error affects the status, duties or rights between the parties. When the latter situation develops, they may agree to the errors of the court for the purpose of fixing their rights *inter sese.*

In the case at bar, it appears that the errors confessed were those of the court committed in the exercise of its exclusive prerogative, to-wit; the appointment of a receiver, and there is no showing that error was committed in doing so. A reversal of the order would have the effect of stripping the lower court of the right to name a receiver and is not authorized. Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241; Economy Cash and Carry Cleaners, Inc., v. Cleaning, Dyeing and Pressing Board, 128 Fla. 408; 174 So. 829, Gabbert v. Chicago R. I. and P. Ry. Co., 171 Mo. 84; 70 S. W. 891, Jones v. Hudson, 93 Neb. 561; 141 N. W. 141.

The opinion and order heretofore entered on May 23, are accordingly revoked and the appeal is dismissed.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON RESTATEMENT OF THE CAUSE

PER CURIAM.—August 1, 1939, an order was entered herein dismissing the cause. On August 19, 1939, the cause was reinstated and counsel on both sides were given per-

mission to file briefs on the merits. On December 15, 1939, a rule was issued by this Court directed to the parties commanding them to show cause on the 4th day of January, 1940, why the case should not be remanded to the Circuit Court. On January 9, 1940, the record was transmitted to the Circuit Court of Dade County for use in another case, the record on file having been misplaced.

The sole question brought here by appeal is the validity of the appointment of a receiver. We have carefully re-examined the record and the questions raised and find no error to have been committed. The matter has been delayed for various and sundry causes which we do not consider essential to relate. They are not material at this time.

The judgment appealed from is affirmed with directions to the chancellor if he deem it advisable to reconsider all orders or decrees affecting the appointment of the receiver and make such decree as to him may seem proper, the cause then to proceed in due course.

It is so ordered.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.