MERCANTILE INVESTMENT & HOLDING CO., a Florida Corporation, also Known as MERCANTILE INVESTMENT AND HOLDING COMPANY, a Florida Corporation, v. C. R. GILLILAND.

3 So. (2nd) 149

Special Division A

Opinion Filed July 1, 1941

Rehearing Denied July 14, 1941

*Arthur S. Friedman, Herbert S. Sawyer, W. O. Mehrtens* and *Evans, Mershon & Sawyer,* for Plaintiff in Error;

*McCune, Hiaasen & Fleming,* for Defendant in Error.

ADAMS, J.—The plaintiff recovered a $50,000.00 judgment against defendant for unpaid salary. Defendant took writ of error. (In the same action the plaintiff suffered an involuntary nonsuit on other counts of his declaration for breach of contract. See Gilliland v. Mercantile Investment & Holding Company, decided at this term.)

The theory of plaintiff's case submitted to the jury was: first, special assumpsit wherein he claimed defendant named him for a ten-year period at an annual salary of $15,000.00 to act in various official capacities with Hollywood, Inc., a company holding valuable properties of defendant. The plaintiff also claims in general assumpsit the rendition of service as stated above from January 22, 1931, to September 9, 1937; that same was reasonably worth $15,000.00 annually.

Defendant plead, first, general issue; second, payment; third, novation and payment.

For proof of special assumpsit the plaintiff relies on a written agreement made for his benefit between defendant Mercantile Company and Highway Construction Company, wherein it was agreed that plaintiff would serve for defendant as a vice president, secretary, member of board of directors and on the executive committee of Hollywood, Inc. To fix the term of employment plaintiff relies on a ten-year written voting trust executed by officers representing defendant.

Plaintiff was not a party to the latter. It could be terminated by mutual agreement of the contracting parties. It was terminated before the ten-year period.

To prove the amount of compensation plaintiff relies on an oral agreement with defendant's president, who was deceased at the time of bringing of this action.

We have reached the conclusion that the evidence is wholly insufficient to prove an express contract of employment as alleged by plaintiff. The written agreement relied on by plaintiff was not made for the purpose of binding defendant to employ plaintiff. One of its purposes was to insure defendant a voice in the management of Hollywood, Inc. The defendant merely designated plaintiff to represent it in the stated capacities. Neither of the contracting parties intended or contemplated that they were making a contract to obligate defendant to plaintiff as claimed. In the absence of such intent the obligation does not arise, even though plaintiff might have benefited by same. See Wright v. Terry, 23 Fla. 160, 2 So. 6; East Coast Stores, et al., v. Cuthbert, et al., 101 Fla. 25, 133 So. 863.

We consider now the sufficiency of the evidence to sustain the verdict on general assumpsit. There was no testimony of reasonable value of services rendered to defendant by plaintiff. On the contrary the evidence shows that plaintiff was paid for all services rendered to defendant.

We hold therefore that the motion to direct a verdict should have been granted. It is unnecessary to decide the other assignments of error. The judgment is reversed for further proceedings not inconsistent with this opinion.

Reversed.

BROWN, C. J., WHITFIELD and THOMAS, J. J., concur.