STATE OF FLORIDA ex rel. MERCANTILE INVESTMENT & HOLDING CO., a Florida corporation, also known as Mercantile Investment and Holding Company, a Florida Corporation, v. HONORABLE GEORGE W. TEDDER, Judge of the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for BROWARD COUNTY, and C. R. GILLILAND.

8 So. (2nd) 470                                                      En Banc
March 24, 1942                           On Rehearing May 22, 1942
                          Further Rehearing Denied June 22, 1942

Arthur S. Friedman Evans, Mershon & Sawyer, and Herbert S. Sawyer, for petitioner.

McCune, Hiaasen & Fleming, for respondents.

ADAMS, J.:

Heretofore this Court issued its rule nisi in prohibition. Returns have now been filed and we will determine the sufficiency of same.

This case was before us to review a judgment for plaintiff based upon a declaration in special and general assumpsit. Mercantile Inv. & Holding Co. v. Gilliland, 3 So. 2nd. 149. The gist of our holding was that special assumpsit would not lie and the evidence was insufficient on general assumpsit. Upon authority of Pritchett, et al., v. Brevard Naval Stores Co., et al., 134 Fla. 649, 185 So. 134, and Webb. Fur. Co. Inc. v. Everett, 105 Fla. 292, 141 So. 115, we now hold the returns sufficient and discharge the rule nisi.

So ordered.

WHITFIELD, TERRELL and BUFORD, JJ., concur.

BROWN, C. J., CHAPMAN, and THOMAS, JJ., dissent.

ADAMS, J.:  ON REHEARING

We denied prohibition here on March 24, 1942, and now we consider same on rehearing granted.

When this Court reverses a judgment it has the power to direct the entry of such judgment as may be proper in law. Section 4640, C.G.L. 1927. Garzo v. Brophy Const. Co., 66 Fla. 607, 64 So. 234.

When we reversed the judgment in this case, (147 Fla. 610, 3 So. 2nd 149) we were of the opinion that the planitiff had introduced evidence of services rendered but had not produced evidence of the reasonable value of such service. Furthermore it appeared that the defendant's plea of payment had been proven. Upon further consideration we think these facts distinguish this case from Pritchett, et al., v. Brevard Naval Stores Co., et al., 134 Fla. 649, 185 So. 134, and Webb Fur. Co. Inc., v. Everett, 105 Fla. 292, 141 So. 115. In that state of the record the defendant was entitled to judgment. We might have directed the entry of a judgment for the defendant. We directed further proceedings not inconsistent with the opinion which amounted to the same. Oral argument was had on this original proceeding and no question was raised as to the remedy here pursued.

It is therefore ordered that our judgment entered on March 24, 1942, be vacated and writ of prohibition absolute is now granted and the respondent is prohibited from further proceeding herein except to enter a judgment for defendant.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN and THOMAS, JJ., concur.