Appellants instituted a law action in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, to recover damages for an alleged breach of a contract for the purchase and sale of certain grapefruit. The appellants were the growers and the appellee, Lake County Citrus Sales, Inc., a Florida corporation, was the packer and purchaser of the citrus fruit.
The contract which was entered into by the growers and packer contained the following pertinent provisions:
"The Buyer has this day advanced to the Grower the sum of $4,000.00 the receipt of which is hereby acknowledged by the grower, which sum is a guarantee fund to assure performance ofthis contract on the terms and at the prices herein stated. All fruit at the prices aforesaid shall be paid for from time to time as the fruit is picked, or within ten (10) days thereafter.Should Buyer fail to comply with the terms and conditions hereinenumerated, this contract shall thereafter become null and voidand the advances made to Grower shall be retained by said Groweras liquidated damages.
"It is agreed that the guarantee fund hereby receipted is to be deducted from said payments as follows: The advance to be deducted from the final settlement."
The purchaser picked and paid for several thousand boxes of said grapefruit at the contract price. Subsequently, and before the entire crop of merchantable fruit was picked, the freeze of February 6, 1947 struck the citrus belt and an embargo was immediately imposed which was not lifted until February 18, 1947. Between February 21st and February 25th of that year the purchaser spot-picked 1995 boxes of fruit which at the agreed price of $2.10 per box amounted to $4,189.50. Thereupon, the purchaser deducted from said amount the deposit of $4,000.00 and tendered to appellants check in the sum of $189.50.
Subsequently, a quantity of fruit was sold by appellants to another shipper and then appellants filed a petition before the Commissioner of Agriculture contending in said petition that the appellee Lake County Citrus Sales, Inc., had breached its contract. After a hearing the Commissioner of Agriculture issued his order decreeing that appellants were entitled to retain the $4,000.00 deposited as a guarantee fund and ordering said appellee to pay unto appellants the sum of $4,189.50 for the purchase of the boxes of grapefruit last picked by the purchaser. Upon the failure of Lake County Citrus Sales, Inc., to comply with the Commissioner's order appellants brought this suit in the Circuit Court of Lake County, Florida.
The trial court held, as a matter of law, that the contract provided for liquidated damages in the event of a breach and that said clause in said contract was not a penalty. The trial judge instructed the jury *Page 643 
that "if you determine liability from the evidence that the utmost damages that the defendant could be liable under this contract, if you believe he is liable, and has been guilty of a breach of the contract, would be the sum of $4000.00, the deposit which he made, and which they agreed was the liquidated damages. * * * So, therefore, if you consider from the evidence that there has been a breach of this contract in the failure of the defendant to carry [it] out the utmost damages that you can award would be the additional sum of $4189.50 because of the fact that the amount of the oranges picked off, and for which the plaintiff is entitled to payment, comes to that sum. * * * I am charging you that $4189.50 plus interest is the limit you can bring in. That is the maximum."
The jury found for the appellants in the amount of $4189.50 plus interest from September 3, 1947, for which judgment was entered plus costs.
The appellants contend that they have instituted this appeal for the purpose of having this Court review so much of the judgment as limited the damages of the growers to the liquidated damage provision instead of the damages actually sustained. In support of their position appellants argue that the agreement was not for liquidated damages and they were entitled to a judgment for actual damages, less, of course, credit for the $4,000.00 placed with them as a guarantee fund under the terms of the alleged liquidated damages clause of the contract; that said provision was in the nature of a penalty and consequently, as a matter of law, not enforceable.
The language used by the parties is not the only key to the determination of the question of whether said deposit was contemplated as being for liquidated damages or whether such provision amounted to a penalty. The wording of the so-called liquidated damages clause when considered in light of the other above-quoted provision of the contract is susceptible of either construction. The intention of the parties is not readily ascertainable nor clearly apparent from a study of the wording used. So we must look to the conduct of the parties and their treatment of said provision for the answer to the question: What is the proper construction?
The appellee Lake County Citrus Sales, Inc., unquestionably treated the deposit as nothing more than an advance payment on fruit which it agreed to pick and pay for "within ten days" after such picking. When it picked all of the fruit which it desired to pick (which was not all of the marketable fruit) the appellee took the position that it had the right to deduct the guarantee fund deposit from the amount of money which it owed for fruit finally picked — not all of the marketable fruit in accordance with the contract but so much of the grapefruit as it wished to pick. Such conduct shows the lack of mutuality of intention to provide for liquidated damages, and amounted, at least, to a repudiation of said proviso, as being one for liquidated damages, and a clear abandonment of the contract. Appellee consistently maintained such position by asserting it in the hearing before the Commissioner of Agriculture and again before the Court. The appellee obviously intended that the $4,000.00 deposit should be considered as liquidated damages only in the event it might develop to be advantageous to the appellee to so treat it. It follows, therefore, that there was no mutuality of intention to consider the $4,000.00 guarantee fund as liquidated damages.
One of the fundamental principles of the law of contracts is that there must be mutuality of agreement and there can be no such mutuality when there is no common intention. Webster Lumber Co. v. Lincoln, 94 Fla. 1097, 115 So. 498; Mercantile Inv. 
Holding Co. v. Gilliland, 147 Fla. 610, 3 So.2d 149. See also 17 C.J.S., Contracts, § 31, p. 359.
We are constrained to hold that when the defendant failed voluntarily to fulfil his contract by picking all of the marketable fruit and elected to treat the deposit as an advance payment for the last fruit picked by it, it showed that it never intended, and it will not now be heard to say, that the deposit was an agreement for *Page 644 
liquidated damages. The judgment should have been in the full amount of actual damages sustained, less the sum of $4,000.00 which was the amount of the deposit held by the appellant (plaintiff below).
The final judgment is reversed for a new trial on the sole question of the amount of actual damages. Upon a new trial the jury should be instructed to find a verdict in the amount of such actual damages as it may determine from the evidence were sustained less $8,189.50 (which includes the judgment originally entered in the sum of $4,189.50 and allows credit for the retained deposit of $4,000.00).
With reference to the contention that the appellants are estopped to prosecute this appeal because they have accepted full payment of the judgment which they secured we direct counsel's attention to the exception to the general rule which we recognized in McMullen v. Ft. Pierce Financing Construction Co., 108 Fla. 492, 146 So. 567.
Reversed and remanded with directions.
ADAMS, C.J., and CHAPMAN and ROBERTS, JJ., concur.
TERRELL, THOMAS and SEBRING, JJ., dissent.