PER CURIAM.
This is an appeal from a final decree of the Circuit Court for Duval County dismissing the complaint filed by the appellant, the heir and executrix of a deceased beneficiary under a certain testamentary trust, claiming that the trust was terminable because its provisions constituted an unreasonable restraint upon alienation, a theory rejected by the court in the decree. On appeal the appellant shifted to a new theory, not raised in the complaint nor passed upon by the court, contending that the trust was terminated by the death of another beneficiary under the terms of the trust. It is a rule of long standing in this state that on appeal an appellate court will confine its review to questions which were before the trial court. Mariani v. Schleman, Fla., 94 So.2d 829. We agree with the circuit court that there was no unlawful restraint upon alienation, and hence we affirm the decree. Subsequent to the oral argument new attorneys appeared as counsel for one of the several appellees and filed a so-called Confession of Errors, admitting that the circuit court erred in dismissing the complaint and conceding that its decree should be reversed. Since the decree involved the rights of ap-pellees non-signatory to the Confession of Errors, we need not give legal effect to that paper (Evans v. Green, 142 Fla. 335, 195 So. 413), so the decree will stand affirmed.
Affirmed.
STURGIS, C. J., and CARROLL, DONALD and WIGGINTON, JJ., concur.
On Petition for Modification and Clarification of Opinion
PER CURIAM.
The appellant- has filed, within the time allowed for filing petition for rehearing, a motion for modification of our opinion filed January 15, 1959, on the ground that the Circuit Court’s final decree, which we affirmed, dismissed the appellant’s action with prejudice, and that the appellant is fearful that unless our opinion is appropriately modified, the appellant may be embarrassed in further proceedings seeking a determination of legal questions other than the question whether the testatrix’ trust was terminable because constituting- an unreasonable restraint upon alienation. One of the appel-lees has filed a joinder in this motion.
The Circuit Court in rendering its decree restricted its consideration to the issue of the termination of the testamentary trust on the ground that it was an unreasonable restraint upon alienation, as did this Court on appeal. That decree, as affirmed by us, would be res judicata, or would operate as an estoppel, only as to that issue, and would not constitute a bar to a new suit involving other issues. We, therefore, see no reason to modify our former opinion in the light of the explanation and clarification in this opinion. Motion denied.
STURGIS, C. J., and CARROLL, DONALD K., and WIGGINTON, JJ., concur.