CARROLL, CHAS., Chief Judge
(dissenting) .
I respectfully dissent from the majority judgment of affirmance.
In the Albury case [1] we established that the District is entitled to exercise the rights reserved by the Trustees of the Internal Improvement Fund in the Bolles deed of *598 May 28, 1910,[2] which involved the plaintiff’s property and other lands.
In this present case we first reviewed and reversed, as being contrary to and controlled by the holding in the Albury case, a summary decree which had granted an injunction against the District, and which had allowed fees to the attorneys for the plaintiff for obtaining the injunction.[3] Our opinion on that earlier appeal in this case is reported in 105 So.2d 36.
Here the District had not entered into possession of any part of the plaintiff’s property involved in the suit. The complaint sought a decree enjoining the District from exercising, as to plaintiff’s lands, the rights reserved in the Bolles deed, or, as an alternative, that the District be required to pay for the land used, as in condemnation. As the relief sought by the complaint was unwarranted, under the Al-bury case, our reversal of the summary decree which granted plaintiff an injunction had the effect of ending the case.
On reversing the injunction decree against the District (105 So.2d 36), this court did not direct dismissal. The subsequent motion filed by the District simply asked the chancellor to dismiss the cause on the mandate, and although the mandate did not expressly require it, a dismissal was the indicated order.
Even in the absence of a motion by the District for summary judgment after our reversal of the injunction against the District, the District’s motion for dismissal of the cause should have been granted. When it appears that the party moving for summary decree is not entitled to such decree, but the opposing party is entitled to a decree in its favor as a matter of law, the trial court may grant such decree to the non-moving party. Carpineta v. Shields, Fla.1954, 70 So.2d 573, 48 A.L.R.2d 1185.
The chancellor, however, denied the District’s motion to dismiss, by an order which also provided that “this cause will be heard and considered on the taking of testimony, and the presentation of evidence at final hearing.” On this appeal from that order, this court should direct the entry of a summary decree for the defendant and a dismissal of the cause, as under our earlier ruling in this and the Albury cases the relief sought in this suit is unavailable to the plaintiff, and nothing proper remains to be tried. We are authorized, under § 59.34 Fla.Stat., F.S.A.,[4] to make such “decree as the court below should have given.” See Tampa Electric Co. v. Ferguson, 96 Fla. 375, 118 So. 211, 212; Story v. First *599 Nat. Bank & Trust Co. in Orlando, 103 Fla. 399, 139 So. 179, 185-186; State ex rel. Mercantile Investment & Holding Co. v. Tedder, 150 Fla. 175, 8 So.2d 470; Cason v. Baskin, 159 Fla. 31, 30 So.2d 635, 640; Kuharske v. Lake County Citrus Sales, Fla., 61 So.2d 495, 497; 6 Moore, Federal Practice, § 56.12 (2d ed. 1953). Cf. Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792.
For the reasons stated, I am of the opinion that the order appealed from should be reversed, and the cause dismissed.

. Albury v. Central & Southern Florida Flood Control District, Fla.App.1958, 99 So.2d 248, 250.

.The reservation therein reads as follows: “Saving and Reserving unto the said, the Trustees of the Internal Improvement Fund of the State of Florida, and their successors, the right at any time to enter upon the said lands and make or cause to be made and constructed thereon such canals, cuts, sluice-ways, dikes and other works as may in the judgment of the said Trustees, or their successors, be necessary and needful for the drainage or reclamation of any of the lands granted to the State of Florida, by Act of Congress, approved September 28th, 1850, [43 U.S.C.A. §§ 9S2-984], and to take from the said lands hereby conveyed and to use such gravel, stone or earth as may, in the judgment of the said Trustees, or their successors, be necessary to use in the making and construction of said canals, cuts, sluice-ways, dikes and other works upon said lands for the purpose aforesaid.”

. The award of attorney fees which was reversed was not supported by any statute, or contract for payment by the District. See Brite v. Orange-Belt Securities Corp., 133 Fla. 266, 182 So. 892; Dorner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160; Phoenix Indemnity Co. v. Union Finance Co., Fla.1951, 54 So.2d 188; Hoffman v. Barlly, Fla.App.1957, 97 So.2d 355. Cf. Jacksonville Expressway Authority v. Henry G. Du Pree Co., Fla.1959, 108 So.2d 289, 293-295.

. “The court, on an appeal, shall examine the record, and reverse or affirm the judgment, sentence or decree of the court below; give such judgment, sentence, or decree as the court below should have given; or otherwise as to it may appear according to law.”