PER CURIAM.
Pinellas County Water and Navigation Control Authority, appellant, by order of the Circuit Court of Pinellas County, was directed to issue to appellees, Alfred G. Za-bel and David H. Russell, a dredge and fill permit and to establish a bulkhead line. The appeal is predicated basically upon appellant’s contention that the circuit court, in entering this order, misconceived the effect of the mandate from which the order arose.
When appellees initially petitioned appellant requesting that it fix a bulkhead line and grant the dredge and fill permit, the Authority appointed an examiner, who recommended denial of the application. The Authority confirmed the examiner’s findings of fact and recommendations and rejected the application. After petition for rehearing was denied, recourse was had to the circuit court which, by final decree, up *371 held the Authority. The cause was appealed here, and we affirmed the circuit court’s decree which had sustained the Authority’s declination to grant the permit and fix the bulkhead line. Zabel v. Pinellas County Water and Navigation Control Authority, Fla.App.1963, 154 So.2d 181. Our decision, then appealed to the Supreme Court of Florida, was quashed and the cause remanded for “disposition consistent” with the supreme court’s opinion. Zabel v. Pinellas County Water and Navigation Control Authority, Fla.1965, 171 So.2d 376. We therefore vacated our judgment, withdrew our prior mandate, adopted the opinion and. judgment of the supreme court, and issued mandate thereon.
Appellant’s position that the order entered by the circuit court constituted a misconception of the mandate is premised, essentially, upon the supreme court’s decision which found that the wrong parties had been required to carry the burden of proof. Because of this, it is urged that the concluding language, “for disposition consistent herewith,” in the supreme court’s opinion meant further proceedings or a rehearing by the Authority on appellees’ application for the setting of a bulkhead line and issuance of a dredge and fill permit and did not intend entry of the order as rendered by the circuit court.
We point out, however, that the supreme court in its majority opinion determined that “The examiner did not find, nor could he have on the record, that any material adverse effect on the public interest had been demonstrated. The evidence in the record and as summarized by the District Court in its opinion failed to meet the standard of proof contemplated by the statute.” It further stated that “The sale of the land by the state to appellants’ predecessors- in title expressly carried with it by statute the right to bulkhead and fill.” The court concluded by expressing the view that “a denial of permission to fill in this case amounts to a taking of property without just compensation because it was not established that the granting of the permit would materially and adversely affect the public interest.”
Without elaborating, we conclude that the circuit court’s order complies with our mandate and is consistent with the opinion and judgment of the supreme court. In this connection, see State ex rel. Mercantile Investment & Holding Co. v. Tedder, 1942, 150 Fla. 175, 8 So.2d 470.
Affirmed.
SHANNON, Acting C. J., and LILES and KANNER, (Ret.), JJ., concur.