249 So.2d 47 (1971)
STATE of Florida, Appellant,
v.
Freddie Lee PITTS and Wilbert Lee, Appellees.
No. L-462.
District Court of Appeal of Florida, First District.
June 4, 1971.
Robert L. Shevin, Atty. Gen., J. Frank Adams, State's Atty., and Leo C. Jones, Asst. State's Atty., for appellant.
Phillip A. Hubbart, Asst. Public Defender, Irwin J. Block, Barry N. Semet, Miami, and Maurice Rosen, North Miami Beach, for appellees.
SPECTOR, Judge.
On May 7, 1971, the Florida Supreme Court entered its mandate vacating the decision of this court in this cause, reported in 241 So.2d 399. Said mandate was entered pursuant to that court's decision rendered April 21, 1971.
*48 The Supreme Court's decision appears to be based solely upon the "Motion in Confession of Error" filed in that court by the incumbent Attorney General, as reflected by the entry of the decision vacating our opinion "without any determination on the questions of law discussed therein". Thus, the Supreme Court has ordered this court to remand this cause to the trial court with instructions to vacate the judgment and sentence and the plea of guilty so that the defendants may be rearraigned and the case set for trial. Of course, no definition of error is necessary where an appellee enters a confession of error and appellants offer no objection in a civil action. In such circumstances, a reviewing court may enter its judgment reversing the judgment forming the subject matter of the appeal since a party may waive his rights and confess his own errors, agreeing that the trial court erred, but only for the purpose of fixing the rights of the parties inter sese. Evans v. Green, 142 Fla. 335, 195 So. 413 (1940); Clark v. Caldwell, 95 Fla. 754, 116 So. 632 (1928); Gulf Power Co. v. Illinois-Florida Land Co., 100 Fla. 1594, 132 So. 109 (1931).
The last stated principle of law is universally adhered to in a civil case because the parties have the exclusive right to manage litigation affecting only their private rights and property. However, the resolution of the issues underlying this cause is not limited in application to these defendants and this Attorney General.
The decisional law expressed in and reasonably to be inferred from our opinion, by which we duly resolved the issues raised by the defendants on the one hand, and the State through its officers on the other, is, unless reversed or receded from, applicable and binding upon all persons imprisoned pursuant to convictions based on guilty pleas entered in open court. Since the Supreme Court did not determine that the manner in which we decided the issues was incorrect or that the principles of law we applied in arriving at our decision were erroneous or not relevant to the issues we considered, our rulings on the various questions of law presented would still obtain if we took no further action with respect to such rulings.
Thus, we are confronted with a most unusual juridical question. We must, of course, enter a mandate which conforms in all respects to the mandate of the Supreme Court herein. Of that there is neither doubt nor hesitancy on our part for we are a court of law. But, there yet remains the troublesome question resulting from the Supreme Court's election to vacate our opinion "without any determination on the questions of law discussed therein". Can we permit our opinion to stand and thereby render the rules of law stated therein applicable to all other prisoners except these defendants? We think not. The equal protection clause of the state and federal constitutions requires that every person's rights be determined by application of the same rule of law. We will not apply a different principle of law to an unchampioned prisoner than is resultingly being applied to these defendants by virtue of the Attorney General's motion in confession of error and the argumentation contained in the memorandum brief submitted to the Supreme Court in support of the State's motion.
In arriving at our decision in this cause, considerable weight was given to the trilogy of guilty-plea cases emanating from the United States Supreme Court some three weeks following oral argument of this case. Those cases, Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441 and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, reported in 25 L.Ed.2d 747 et seq., signaled what appeared to be a determination by the Supreme Court to affirm convictions based on guilty pleas entered in open court, even when the fear of imposition of the death penalty was shown to have been a factor in the plea or where the guilty plea was motivated by the defendant's desire to accept the certainty or *49 probability of a lesser penalty rather than face the possibility of a greater penalty after trial, as in Brady; or, whether the guilty plea rested on a coerced confession so long as the plea is intelligently made and, in determining whether intelligently made, it is not required that all advice offered by the defendant's lawyer would stand retrospective examination in a post-conviction hearing, as in McMann; or, that even assuming the defendant's confession was involuntary because of alleged misconduct of the police during interrogation, nevertheless the alleged misconduct of the police did not render involuntary the guilty plea entered over one month later after the defendant had the advice of counsel, as in Parker.
It has long been the firmly established rule of almost every jurisdiction in this country, including federal courts, that counseled guilty pleas, voluntarily made, cured all defects which were nonjurisdictional that preceded the acceptance of such guilty pleas. By our earlier decision, we held in effect that all matters going to the sufficiency of evidence and credibility of witnesses, including evidentiary matters which might tend to impeach witnesses or render their testimony less credible, were laid to rest by the voluntary guilty pleas of these defendants. All of the aforesaid matters are classified as nonjurisdictional in nature. When appellate courts in this State have been asked in a habeas corpus or other post-conviction proceeding to consider nonjurisdictional errors, the Attorney General of the state has always urged and we have always held that such nonjurisdictional matters are not cognizable in collateral or post-conviction proceedings following a guilty plea.
By his memorandum brief filed in support of the motion in confession of error, the Attorney General has urged that the suppression of the statement given by the State's witness, Willie Mae Lee, wherein she incriminated the defendant, Freddie Pitts, and one Lamson Smith [rather than the defendant Wilbert Lee], denied the defendants herein due process of law under the state and federal constitutions. In our decision, we, in effect, rejected the identical claim as to both of these defendants on the ground that the decision in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), prohibiting suppression or concealment of evidence favorable to the accused, was applicable where the defendant proceeded to trial and thus required the benefit of the evidence wrongfully withheld. In Brady, supra, the defendant went to trial without the helpful evidence. In the case at bar, the defendants did not go to trial  they pled guilty. Hence, we distinguished this case from Brady.
The Attorney General's insistence that the Brady rule is applicable even though there has been a guilty plea, though not a correct rule of law in our view, was nonetheless advanced successfully by that officer in behalf of these defendants. Under the requirement of the equal protection provisions of the state and federal constitutions, the benefits of the same rule of law must be accorded all prisoners whose convictions rest on a guilty plea. Accordingly, we recede from so much of our opinion as stands for the proposition that a Brady violation is inapplicable where the charges are disposed of by a guilty plea rather than a trial. Conversely stated, we are required to hold by the position taken by the Attorney General that a guilty plea does not cure a Brady defect. So much for the defendant Wilbert Lee to whom the suppressed statement directly related.
Recognizing that the suppressed statement did not directly relate to the defendant Freddie Pitts, the argumentation contained in the Attorney General's memorandum brief before the Supreme Court contends that he too was denied due process of law by virtue of the suppression of the subject statement inasmuch as the defense counsel, had he known that the State's chief witness, Willie Mae Lee, had earlier made a prior inconsistent statement as to the complicity of Smith rather than Lee, *50 might have chosen to "go to trial and submit Willie Mae Lee's credibility to the jury in light of her prior inconsistent statement." [Page 7 of Attorney General's brief in Supreme Court.] Thus, in support of the motion in confession of error in behalf of these defendants, the Attorney General has urged and adopted the rule that matters going to the credibility of a state's witness are cognizable in a post-conviction proceeding, even in a case where there has been a guilty plea not found involuntary by the trier of fact. Fearful, perhaps, but not involuntary. We have never known a case wherein an appellate court has held that matters going to the credibility of a witness are cognizable in a habeas or other post-conviction proceeding following a guilty plea, yet such is the argument successfully urged by the Attorney General in behalf of these defendants.
We know of no basis upon which the benefit of such a rule may be extended to these defendants and withheld from others.
Accordingly, we now recede from so much of our decision implicit in which is the holding that matters going to the credibility of a state's witness are not cognizable in habeas or other post-conviction proceedings following a guilty plea. Further, we adopt the rule in this jurisdiction advanced in behalf of these defendants by the Attorney General and now hold that matters going to the credibility of a state's witness are cognizable in habeas or other post-conviction proceedings notwithstanding a guilty plea.
The constitutional imperative of equal protection demands no less. That protection is due the unpopular as well as the popular, the prisoner who stands alone as well as those whose cause is widely celebrated.
We have examined each of the cases cited by the Attorney General in his memorandum brief in support of the contention that the state's failure to reveal Willie Mae Lee's statement is ground for granting a new trial. Thus, such authorities are relied upon for support of the motion in confession of error urged in the Supreme Court. None of those cases  not one  involved a conviction based on a guilty plea. Each of them involved a full-blown trial implicit in which the trial courts were considering charges against persons who asserted their innocence continuously. Thus, all of the cases relied upon by the Attorney General are distinguishable with clarion clarity from the case at bar. And here, the trial judge was confronted by these defendants' confessions in open court to the charges of murdering two gasoline station attendants, Floyd and Burkett  confessions which were followed by the recitation of the minute details of how they took the lives of their two victims.
In the earlier appearance of this case before this court, counsel for defendants forcefully and with commendable conviction contended that the innocence of their clients had been established by an extra-judicial confession of the murders by one Curtis "Boo" Adams, Jr., even though that confession was later refuted by Adams when he testified under oath before the judge presiding at the evidentiary hearing. The Attorney General's motion in confession of error omitted any mention of Adams' extra-judicial confession, so we assume that his motion was not in any way influenced by Adams' confession, since we are confident that if the Attorney General, as the chief legal officer of this State, harbored any belief that Adams and not these defendants had committed the murders, the Attorney General already would have urged the grand jury to indict Adams for these murders.
The opinion of this court reported in 241 So.2d 399 is hereby modified in accordance with the views expressed herein; and this cause, pursuant to the order of the Florida Supreme Court, is remanded to the trial court with instructions to vacate the judgment and sentence and the plea of guilty so *51 that the defendants may be rearraigned and the case set for trial in accordance with the mandate of the Supreme Court.
JOHNSON, C.J., and RAWLS, J., concur.