439 So.2d 296 (1983)
NORTH DADE GOLF, INC., D/B/a North Dade Country Club, Appellant,
v.
Donald CLARKE, Appellee.
No. 82-1453.
District Court of Appeal of Florida, Third District.
September 27, 1983.
Rehearing Denied November 9, 1983.
*297 Jeanne Heyward, Miami, Millard C. Glancy, North Miami, for appellant.
Friedman & Miller, and Robert Miller, North Miami Beach, for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Plaintiff, Donald Clarke, filed suit against defendant, North Dade Golf, Inc., to recover damages for personal injuries allegedly sustained by him while playing golf. Plaintiff claimed to have been injured when he drove a golf cart over a 10-inch deep hole in a paved path running along the rough of the course. It was alleged that North Dade negligently allowed a deep hole to exist on the course, failed to repair, barricade or place warning devices around the hole, and was strictly liable for allowing an ultra-hazardous condition to remain.
The incident occurred in the late morning when Clarke and his golf partners had completed an 18-hole game. Plaintiff testified that he had proceeded about 25 to 30 feet down the concrete pathway at a speed between 8 and 10 miles per hour when he "apparently ... spilled off the path" into the rough area of the golf course. The hole which caused the spill was on the edge of the concrete pathway designed for golf carts.
After striking the hole, the cart continued forward about 10 feet, causing plaintiff to be severely jostled. Clarke testified that immediately after this event, he felt pain in the shoulder, back and leg, and chest pain similar to pain he had experienced two years before when he suffered a prior heart attack. He was hospitalized that afternoon, and while still hospitalized, seven days later, he had the subject (second) heart attack. Much of the testimony at trial centered around the causal relationship between the golf cart incident and plaintiff's second heart attack.[1]
At the close of the trial, the jury returned a verdict which read in pertinent part:
1. Was there negligence on the part of the Defendant, NORTH DADE GOLF, INC., d/b/a NORTH DADE COUNTRY CLUB, which was a legal cause of damage to the Plaintiff, DONALD CLARKE:
 YES ____ NO X 
If your answer to Question 1 is No, your verdict is for the Defendant and you *298 should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to Question 1 is YES, your verdict is for the Plaintiff. Please answer Question 2.
The jury thus found for the defendant on the combined questions of negligence and legal causation. Plaintiff then moved for judgment notwithstanding the verdict and/or for new trial, claiming the jury verdict was contrary to the manifest weight of the evidence. The trial judge granted plaintiff's motion for new trial and made extensive findings in his five-page order, whereupon defendant brought this appeal.
The issue for review is whether the trial court abused its discretion in granting plaintiff a new trial on the ground that the verdict of no liability was against the manifest weight of the evidence. A trial court clearly has broad discretion in granting such motions, and its ruling should not be disturbed absent a clear showing that this discretion has been abused. Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959). On review of the record there is no clear showing that the court abused its discretion in granting a new trial on the issues of negligence and legal causation with respect to the orthopedic injuries.
We do find, however, that the trial court abused its discretion in granting a new trial on the issue of whether the heart attack was causally related to the golf cart incident. A trial court's discretion in this area is clearly not unbridled, see, e.g., Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978), and a trial judge is not authorized to act as a "seventh juror", id. at 435, or to substitute his judgment for that of the jury on disputed questions of fact. Kinsey v. Kelly, 312 So.2d 461, 462 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 463 (Fla. 1976). Here, the defendant offered competent evidence to dispute the allegation that defendant's negligence was the cause of plaintiff's heart attack, and it cannot be said that the jury, as reasonable persons, could not have concluded otherwise.
Appellee, therefore, is entitled to a new trial only on the issue of whether there was negligence on defendant's part which caused plaintiff's orthopedic injuries. See § 59.35, Fla. Stat. (1981) (in reversing order of lower court, appellate court may direct that a new trial be had on all the issues shown by the record or upon a part of such issues only). See also Webb Furniture Co. v. Everett, 105 Fla. 292, 141 So. 115 (1932); Turner v. Lorber, 360 So.2d 101 (Fla. 3d DCA 1978) (new trial granted only on issues of comparative negligence and damages).
Affirmed in part, reversed in part, and remanded with directions to enter judgment for defendant on the issue of causal relation between the golf cart incident and the heart attack, and to conduct a new trial on the remaining issue.
NOTES
[1] The first heart attack followed a game of tennis and was attributed to a natural progression of coronary artery disease. Two specialists gave conflicting opinions as to whether the second heart attack was causally related to the golf cart incident.