MAY, J.
The defendant appeals a new trial order entered after a jury found the plaintiff had not sustained injury as the result of an accident in which the defendant stipulated to liability. The defendant seeks reversal of the order and reinstatement of the jury verdict. Alternatively, the defendant requests that the new trial be limited to damages for orthopedic and soft tissue injuries. We grant the alternative relief requested and reverse and remand the case for entry of an order limiting the new trial to damages related to the plaintiffs orthopedic and soft tissue injuries.
The plaintiff was a back seat passenger in an automobile driven by his sister’s boyfriend and owned by Hertz. The driver lost control of the vehicle, crossing the median and rolling over several times at a high rate of speed. The plaintiff, who was fourteen years old at the time of the accident, did not seek medical treatment for approximately eight hours. He complained of pain in his head, neck, arm, shoulder, and hip at the scene of the acci *1219 dent. At the hospital, however, the plaintiff complained only of left shoulder pain, a bruised left hip, and tenderness of the spine. The doctor diagnosed him with a cervical sprain and contusions of the hip and shoulder.
The plaintiff saw a chiropractor three days after the accident. He chiefly complained of neck, low back and chest pain. At the suggestion of the chiropractor, the plaintiff received a neurological evaluation nineteen days following the accident. He continued to see the chiropractor for several months.
The neurologist noted some reduction in the defendant’s range of motion. The CT scan was unremarkable and an EEG was normal. The neurologist believed there may have been an orthopedic impairment as a result of the accident.
The plaintiff moved with his parents to Virginia. His mother noticed changes in his personality and a decline in his academics. She had him examined by another neurologist. The neurologist opined that the changes in the plaintiffs personality and academic performance were likely attributable to the family’s relocation to Virginia.
The family then relocated to Orlando the next year where a doctor concluded that there was evidence of brain damage in the frontal lobe area and significant executive dysfunction. Two years later, the plaintiff and his parents moved to Utah where he worked at a number of jobs for brief time periods. He was evicted from an apartment for creating disturbances, and arrested for DUI, marijuana and drug paraphernalia possession, and providing false identification.
After his second DUI arrest, his mother consulted a neurophysiologist. That doctor diagnosed traumatic brain injury and opined that the plaintiffs disruptive behavior resulted from that injury.
The plaintiff and his parents moved back to Orlando in 2001, seven years after the accident. During that time, the plaintiff had one job for approximately one week, often slept late or was up early to play baseball, ride a bike or engage in other recreation.
After yet another move in 2002 to Mount Dora, the plaintiff continued to drink and sleep excessively. At the time of trial, the plaintiff lived in Utah with a friend, was unemployed and spent his time playing basketball and working out. He was awaiting the ski season to obtain employment because it would allow him to snowboard for free.
The defense stipulated that the driver of the vehicle was negligent in causing the accident. According to the independent medical exam [IME], the plaintiff had no brain damage or neurological impairment.
At the conclusion of the nine-day trial, the jury was presented with the following question: Was the subject motor vehicle accident a legal cause of damage to the plaintiff Matthew Gleason? The jury answered “no.” The trial court entered a final judgment pursuant to the verdict. The plaintiff filed a motion for a new trial, which the court granted.
An order granting a motion for new trial is reviewed under an abuse of discretion standard. Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999). The defendant argues that the court improperly sat as a “seventh juror” when it granted the motion for new trial based on its finding that the jury disregarded “undisputed” testimony to the effect that the motor vehicle accident legally caused orthopedic and soft tissue injuries. The plaintiff responds that the undisputed evidence established that he sustained orthopedic and *1220 soft tissue injuries as a result of the accident. Thus, the jury’s finding of no injury was contrary to the manifest weight of the evidence, and required a new trial.
The most significantly disputed issue in this case was whether the plaintiff had suffered any neurological damage as a result of the accident. The evidence in this ease sharply conflicted on this issue. However, both plaintiff’s and defendant’s experts agreed that the plaintiff sustained some injury (orthopedic and soft tissue) as a result of the accident.
Section 59.3Í, Florida Statutes (2003) provides:
An appellate court may, in reversing a judgment of a lower court brought before it for review by appeal, by the order of reversal, if the error for which reversal is sought is such as to require a new trial, direct that a new trial be had on all the issues shown by the record or upon a part of such issues only. When a reversal is had, with direction for new trial on a part of the issues, all other issues shall be deemed settled conclusively in favor of the appellee.
The Third District had occasion to rely on this statutory provision to limit an order authorizing a new trial in North Dade Golf, Inc. v. Clarke, 439 So.2d 296 (Fla. 3d DCA 1983). In Clarke, the court affirmed an order granting a new trial, but found an abuse of discretion in allowing a new trial on all issues where the evidence on whether a golf cart accident caused the plaintiffs subsequent heart' attack was in dispute. “A trial court’s discretion in this area is clearly not unbridled, and a trial judge is not authorized to act as a ‘seventh juror’, or to substitute his judgment for that of the jury on disputed questions of fact.” Id. at 298.
Here, the plaintiffs request for damages for closed-head injuries was directly contradicted by the evidence. In short, there was a disputed question of fact, which lies within the province of the jury. However, there was no dispute that the plaintiff had sustained some injury. Therefore, the trial court correctly determined that the verdict was against the manifest weight of the evidence, but should have limited the new trial to damages for orthopedic and soft tissue injuries.
We reverse and remand the case to the trial court for entry of an order limiting the new trial consistent with this opinion.
POLEN, J., and DAMOORGIAN, DORIAN, Associate Judge, concur.