EMAS, J.
In these consolidated appeals, Eseadote I Corporation (“Eseadote”) seeks review of a trial court order granting judgment, in accordance with a prior motion for directed verdict, in favor of Ocean Three Limited Partnership (“Ocean Three”) and John Moriarty and Associates of Florida, Inc. (“Moriarty”), following a jury verdict of $2,050,000 in Escadote’s favor. Moriarty appeals an order denying its motion for attorney’s fees and costs.
We review de novo the trial court’s order granting motion for judgment in accordance with a prior motion for directed verdict. As the supreme court has observed:
When presented with a motion for judgment notwithstanding the verdict, the trial court must “view all of the evidence in a light most favorable to the non-movant, and, in the face of evidence which is at odds or contradictory, all conflicts must be resolved in favor of the party against whom the motion has been made. Similarly, every reasonable conclusion which may be drawn from the evidence must also be construed favorably to the non-movant. Only where there is no evidence upon which a jury could properly rely, in finding for the plaintiff, should a directed verdict be granted. It goes without saying that a motion for directed verdict should be treated with special caution.... ”
Irven v. Dep’t of Health & Rehab. Servs., 790 So.2d 403, 407 (Fla.2001) (quoting Collins v. Sch. Bd. of Broward Cnty., 471 So.2d 560, 563 (Fla. 4th DCA 1985)) (other citations omitted). We have explained that:
[DJirected verdicts should be cautiously granted and will not be sustained unless the record when viewed in the light most favorable to the party against whom the motion is directed fails to show any reasonable view of the evidence which could sustain the position of that party.
Williams v. Dade Cnty., 237 So.2d 776, 777 (Fla. 3d DCA 1970).
Having reviewed the entire record, we conclude that the evidence presented at trial supported the verdict upon the theory presented by Eseadote, and the trial court erred in granting the motion for judgment in accordance with a prior motion for directed verdict.[1]
We therefore reverse the order and remand with instructions to reinstate the *60 jury verdict in favor of Escadote.[2] See e.g., Edwards v. Orkin Exterm. Co., 718 So.2d 881 (Fla. 3d DCA 1998); N. Dade Golf, Inc. v. Clarke, 439 So.2d 296 (Fla. 3d DCA 1983); The Hertz Corp. v. Gleason, 874 So.2d 1217 (Fla. 4th DCA 2004).

. We note that the trial court entered Moriarty's proposed ten-page order verbatim. This fact alone does not compel reversal, given that Eseadote had an adequate opportunity to present its own proposed order and to voice objections to Moriarity's version. Cf. Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004) (holding verbatim adoption of proposed final judgment was reversible error where trial court failed to give opposing party opportunity to object or to submit his own proposed final judgment). Nevertheless, Florida courts *60 have been critical of such a practice. As the Fifth District explained in White v. White, 686 So.2d 762, 763 (Fla. 5th DCA 1997):
It is the [trial] court's unique responsibility to malte the decisions on the various issues of the case based on the pleadings before it and its view of the evidence presented. The court does not fulfill this responsibility by merely choosing the better proposed judgment or the better option or options contained in competing proposed judgments presented by the attorneys. Often the attorneys, without appropriate guiding instructions, will make findings of fact and even rulings of law that the court, without such prompting, would never have considered. The judge, in reviewing the proposed judgment sometimes several weeks or even months after the trial (in this case, the final judgment was entered four weeks after the trial), may conclude that because the judgment sounds right (even though the judge cannot remember everything that took place at trial) the proposed judgment should be signed. But what if something appears in the judgment that was not even considered during the trial?
Perhaps the most significant inconsistency between the ten-page order and the court’s rulings at trial involved one of the theories of recovery. In its order, the trial court found that appellant had not pled a claim for diminution of value. At trial, however, when ap-pellees objected to evidence being presented on this theory, and argued for its exclusion on the basis that this was a "new claim" which had not been pled, the trial court overruled the objection:
COURT: Well, they always pled diminished value. I made that ruling the first day. They pled it, so you're on notice that they're trying to get it. You know what the law is. You're the one that brought it all up to me about how you get diminished value only if it's permanently damaged, but if it’s not permanently damaged, commercial waste, you only get the cost to repair. So you’ve known all along they were going to diminished value, and they are going to have to prove it was not repairable....

. Accordingly, we also affirm the trial court’s denial of Moriarty’s motion for attorney’s fees.